## WYSER v. CALHOUN AND ANOTHER.

*Quere?* Whether the Clerk of the District Court has authority to indicate in the citation, the particular paper in which it shall be published. If he has not, such indication is mere surplusage.

Where an affidavit is made, for publication and attachment, and the attachment is not prosecuted, it is not a valid objection to the judgment, that the affidavit was insufficient for the attachment, though sufficient for publication.

Affidavits made by a party during the progress of the cause, may be introduced in evidence by the opposite party, if relevant, &c.; but they can have no effect, on the merits, unless they be so introduced.

Error from Walker county. The appellees brought suit against the appellant, for the use of Calhoun, and obtained service by publication. To obtain publication and an attachment, Calhoun made oath that the defendant was a non-resident and that he was indebted to the plaintiffs Calhoun and McDuffee, &c. The Clerk issued a citation, directing publication in the Huntsville Item, a newspaper published in the county. Publication was made accordingly. There was judgment for the plaintiffs, for the use of Calhoun.

*Yoakum & Branch*, for plaintiff in error.

*W. A. Leigh*, for defendants in error.

WHEELER, J. It is objected to the judgment, that the Clerk had no authority to direct publication in any particular paper, and that the judgment is erroneous by reason of the affidavit that the defendant was indebted to the plaintiffs simply, without adding to the use, &c.

We are of opinion that the objections to the judgment are not well taken. The Clerk appears to have issued the citation in conformity to the statute. (Dig. Art. 813.) But if he was not authorized (as is insisted) to designate, in the citation, a

particular paper in which publication should be made, his having done so was mere surplusage. It did not invalidate the citation; which appears to have been duly and legally served.

The affidavit complained of, as affecting the legality of the judgment, was made to obtain an attachment, which appears to have been abandoned. No question, therefore, arises upon the sufficiency of the affidavit. The only use which could have been made of it, by the defendant, was to have given it in evidence, to disprove the plaintiffs' right to recover in the right in which they sued. But it was not given in evidence; nor was the plaintiffs' right so to recover, questioned in the Court below. That the defendant had evidence which he might have adduced, but did not, cannot now avail him as an objection to the legality of the judgment.

Judgment affirmed.