CITY OF PORT LAVACA, Texas, Appellant,

v.

King FISHER et ux., Appellees.
No. 13888.

Court of Civil Appeals of Texas.
San Antonio.
March 28, 1962.

Keith L. Merrick, Port Lavaca, for appellant.

Guittard & Henderson, Harry F. Maddin, Victoria, for appellees.

MURRAY, Chief Justice.

This suit was instituted by the City of Port Lavaca, a home rule municipality, against King Fisher and his wife, Mary Jewell Fisher, seeking to enjoin an alleged encroachment by the defendants' garage upon an alleged alleyway. The trial was to a jury and resulted in findings by the jury in favor of the City. However, upon motion and notice, the trial court rendered judgment non obstante veredicto in favor of the defendants, and the City has appealed.

The jury found in answer to Special Issue No. 1, that Willett Wilson and W. B. George, or at least one of them, owned the land which they subdivided as the George and Wilson Addition. Appellees filed a motion for judgment non obstante veredicto, and to disregard the above finding as it was unsupported by the evidence. The trial court granted this motion and rendered judgment non obstante veredicto for appellees. The question of title in the subdividers was an all-important fact to be established by appellant, because a subdivision of land whereby streets and alleys are dedicated to the public, to be effective, must be made by the owner or owners of the land. Chenowth Bros. v. Magnolia Petroleum Co., Tex.Civ.App., 129 S.W.2d 446. In Gladewater Lumber & Supply Co. v. City of

Gladewater, Tex.Civ.App., 87 S.W.2d 527, 529 the Court said:

"It seems to be a well-established rule of law that where a party's rights depend upon a dedication of property, it is necessary to prove, not only a dedication, but the proof must go further and show that the dedicators had title to the property at the time it was dedicated; * * *."

Appellant assumed the burden of showing that a twelve-foot alley had been dedicated by its owners through the middle of Block 3, leading from Wilson Street to Mahon Street, of the George and Wilson Addition to Port Lavaca, Texas. The purported subdivision was made by Willett Wilson and W. B. George on June 18, 1902, but the record fails to show that these men or either one of them owned the land covered by the subdivision at the time they subdivided it and dedicated to the public the streets and alleys shown on the subdivision map.

Appellant introduced its exhibits Nos. 1, 2, 3 and 6, in an attempt to show that the dedicators owned the land at the time of the dedication. Appellant did not show a complete chain of title, either from the sovereignty of the soil or from a common source. Appellant begins the title to the alley with its exhibit No. 6, consisting of probate proceedings in the Estate of Thomas McConnell, pending in Victoria County Court, wherein the commissioners, in 1847, were attempting to partition certain lands in Calhoun County. The discrepancy in the counties is left unexplained. Appellant does not show that McConnell acquired the title to the lands, and there is no order showing that the report of the commissioners was ever approved by the probate court. The purported division of the land was to Mrs. Anna George, Virginia Ann McConnell, and Eliza Augusta McConnell. The next instrument is a warranty deed from Augusta E. Randall to one Wm. B. George, which purports to convey all of the grantor's unsold interest in the Maximo Sanchez half league situated in Calhoun County,

Texas. This deed further describes the land conveyed as being "the unsold part of the land and lots" awarded to grantor in the partition of the estate of her father, Thomas McConnell, and known in the partition of said estate, as "subdivision number (4) four containing (50) fifty acres of land more or less; and subdivision (No. 2) number two containing fourteen acres more or less. Also, all my right title and interest in and to subdivision (No. 3) number three, awarded to my Mother, Mrs. Anna George in the partition of the estate of my Father Thomas McConnell."

Appellant has not attempted to show any title in Willett Wilson, so the question is, Has appellant shown title in W. B. George, the other dedicator?

There is no conveyance from Maximo Sanchez, the alleged patentee, to Thomas McConnell or any one else. There is no showing of the disposition of the interest attempted to be set aside to Virginia McConnell and Mrs. Anna George. There is no conveyance by these ladies either to Augusta E. Randall or W. B. George. In other words, there is no regular chain of title shown to W. B. George at the time he signed the dedication, and no title at all shown in Willett Wilson.

■ The subdivision map does not show what lands are being subdivided. Appellant undertook to overcome this defect by placing Charles Hodges, the County Surveyor, on the witness stand and asking him whether he knew that the George and Wilson Addition was included in any part of the lands conveyed to W. B. George, according to appellant's exhibit No. 1, by Augusta E. Randall in 1899. The trial court sustained an objection to this question. The record shows that the answer of the witness would have been: "You ask the question, 'Do I know something.' Well, it is the best of my knowledge and belief this deed covers the land that is now on the record as George and Wilson Addition." The court did not err in excluding this question and answer. A surveyor is not such an expert

that he can testify, that to the best of his knowledge and belief a tract of land described in one instrument is the same land described in another instrument, without stating the facts and reasons upon which he bases such belief. City of Mission v. Popplewell, 156 Tex. 269, 294 S.W.2d 712; Southern Pine Lumber Co. v. Whiteman, Tex.Civ.App., 104 S.W.2d 635. Even if the testimony had been admitted, it would not have supplied the missing links in the title appellant was trying to establish.

Before the City would be entitled to a mandatory injunction requiring appellees to remove their garage from the alleged twelve-foot alley, the City would be required to show either that it had title to the alley, or that the alley had been dedicated to public use by one having title, and that the City had dominion over the alley by reason of its location within the limits of the City.

■■ Appellees affirmatively plead that the dedicators of the alley involved did not have title to it, and the City has not discharged the burden, thus placed upon it, of proving its title or control over the alley. City of Mission v. Popplewell, supra; Chenowth Bros. v. Magnolia Petroleum Co., supra; Gladewater Lumber & Supply Co. v. City of Gladewater, supra. Appellant's cause of action must rest, not on the weakness of appellees' claim to the alley in question but on its superior right to the alley.

■ Appellant, City, failed to prove a superior right to the alley in question, by failing to show title in the dedicators at the time of the dedication, either from a common source or from the sovereignty of the soil, and therefore the trial court did not err in rendering judgment non obstante veredicto in favor of appellee. In McCarver v. City of Corpus Christi, 155 Tex. 153, 284 S.W.2d 142, the Supreme Court said:

"In this suit to remove obstruction the City as plaintiff had the burden of establishing as a fact the legal existence of the alley at the time of filing suit. This it has failed to do and therefore must fail in its suit."

■ Appellant contends that appellees were estopped to deny the existence of the alley in question because they purchased their lots described only as Lots 1 and 2 of Block 3 of the George and Wilson Addition to the City of Port Lavaca. There is no showing here that the original dedicators ever sold any lots by reference to this subdivison map. Appellees' grantor, Gus Herder, is a stranger to the dedication. Reference is made to a recorded map of the George and Wilson Addition to the Town of Port Lavaca, but no book and page reference is made to it. There is no showing that there was no other such map on record. We cannot presume the reference made was to the same map introduced in evidence. That deed cannot give to appellant title or superior right to the alley in question. Appellees are not estopped to dispute the superior right of appellant to the alley in question. Estoppel was neither plead nor proved. Hutchinson v. Texas Aluminum Co., Tex.Civ.App., 330 S.W.2d 895. The question here is not whether the City accepted the dedication of the alley, but rather whether a valid dedication had ever been made by the owners of the land.

■ The trial court did not err in rendering judgment without a formal hearing. Rule 301, Texas Rules of Civil Procedure, does not require a hearing. Appellees' motion for judgment non obstante veredicto was filed on November 8, 1960, and appellant had knowledge for some six months of this motion, before the judgment was rendered on April 26, 1961. The judgment was properly rendered, and if under the facts there were irregularities with reference to the giving of notice, they would constitute harmless error under the provisions of Rule 434, T.R.C.P.; XV Texas Law Review 515 et seq.; Hooper v. Courtney, Tex.Civ.App., 256 S.W.2d 462; Greathouse v. Texas Public Utilities Co., Tex. Civ.App., 217 S.W.2d 190; Johnson v. Woodmen of the World Life Ins. Soc., Tex. Civ.App., 203 S.W.2d 331.

Appellant further complains because it was not given a hearing on its motion for judgment on the verdict. The Texas Rules of Civil Procedure do not require such a hearing, and there was no error committed by the trial court in this respect.

*The judgment is affirmed.*