**Darlene Owens SANDEFER, Appellant,**

**v.**

**Jefferson Davis SANDEFER III, Appellee.**

**No. 4446.**

Court of Civil Appeals of Texas, Eastland.

Feb. 26, 1971.

Scarborough, Black, Tarpley & Scarborough, Beverly Tarpley, Abilene, Akin, Vial, Hamilton, Koch & Tubb, Mike Schmidt, Dallas, for appellant.

Schulz, Hanna & Burke, W. L. Burke, Jr., McMahon, Smart, Sprain, Wilson & Camp, John Camp, Abilene, for appellee.

McCLOUD, Chief Justice.

This is an appeal from an order granting appellee, Jefferson Davis Sandefer III, a nonsuit. Appellant, Darlene Owens Sandefer, the former wife of appellee alleges her plea of privilege, answer and cross-action were timely filed and the trial court's order granting appellee a nonsuit should be amended to include a further order sustaining appellant's plea of privilege and ordering her motion for change of custody transferred to Dallas County.

The applicable rule governing nonsuits is Rule 164, T.R.C.P., which provides as follows:

"At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced."

The provision that the plaintiff "shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief" is not intended, we think, as a restriction upon or limitation of, the right to take a nonsuit, but is simply a prohibition against the exercise of that right having any prejudicial effect upon the defendant's claim for affirmative relief. Thomason v. Sherrill, 4 S.W.2d 304 (Tex.Civ.App., dism. w. o. j.). Once a claim for affirmative relief has been filed, a plaintiff's right to move for a dismissal or nonsuit is limited to his cause of action only. Hoodless v. Winter, 80 Tex. 638, 16 S.W. 427 (Sup.Ct.1891); State v. Roberson, 409 S.W.2d 872 (Tex.Civ.App.). Nor will the order granting the nonsuit be construed as an attempt to dismiss the plea for affirmative relief, unless susceptible of no other construction. Bailey v. Federal Supply Company, 287 S.W. 1090 (Tex.Com. App.1926); 20 Tex.Jur.2d, Sec. 41, page 226.

The order of dismissal signed by the trial court purports to dismiss the claim being asserted by appellee. If, as contended by appellant, her claim seeking affirmative relief was filed before the nonsuit became effective, so as not to be affected by appellee's nonsuit, then so far as the record before us shows, her plea of privilege and cross-action may still be pending in the trial court. The order appealed from merely grants appellee's motion to nonsuit his claim. It does not deny any relief to appellant.

We have considered all of appellant's points of error and all are overruled. The judgment is affirmed.