Max PODEHL, Jr., Appellant,

v.

Emil Edd LUBIANSKI, Appellee.

No. 15014.

Court of Civil Appeals of Texas, San Antonio.

Oct. 13, 1971.

Rehearing Denied Nov. 10, 1971.

Benjamin D. Lucas, San Antonio, for appellant.

Beckmann, Stanard, Keene, Krenek & Fulton, San Antonio, for appellee.

KLINGEMAN, Justice.

Plaintiff, Max Podehl, Jr., a policeman, appeals from a judgment on a jury verdict that he take nothing in a suit for damages allegedly sustained when his police vehicle was struck from the rear by a car driven by defendant, Emil Edd Lubianski.

The answers to the special issues show the jury found: (1) that defendant failed to keep a proper lookout; (2) that such failure was a proximate cause of the collision involved; (3) refused to find that defendant was driving at an excessive rate of speed; (4) refused to find that plaintiff was responding to an emergency call; (5) that defendant failed to yield to the patrol car driven by plaintiff; (6) that such failure was not negligence; (7) that plaintiff stopped and parked his vehicle on the main traveled or paved part of the highway at a time when it would appear practical to a person using ordinary care to stop the vehicle off of the paved or main traveled part of the highway; (8) that this was negligence and was a proximate cause of the collision in question; (9) that plaintiff suffered damages in the amount of $500.00.

By several points of error, plaintiff asserts that the jury's answers to various special issues are not supported by any evidence, are contrary to the preponderance of the evidence, and are not supported by

sufficient evidence. The balance of plaintiff's points of error complain of jury misconduct.

The record which plaintiff has brought forward consists only of the transcript and the record of the testimony developed at the motion for new trial. The statement of facts on the main trial is not before us.

▆ Without a statement of facts, we cannot say that there is no evidence to support the jury's findings, that the evidence was insufficient, or that it is contrary to the weight and preponderance of the evidence. In the absence of a statement of facts, an appellate court must presume that the evidence was sufficient to justify the submission of issues to the jury, and sufficient to uphold the jury's findings. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600 (1953); Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (1951); Fenton v. Wade, 303 S.W.2d 816 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n. r. e.). All of plaintiff's points of error pertaining to sufficiency of the evidence are overruled.

Plaintiff's motion for new trial, which was basically predicated upon alleged jury misconduct, was overruled by the trial court. At the misconduct hearing, plaintiff presented three jurors who testified as to alleged jury misconduct. Such testimony, while somewhat vague and indecisive, sets forth several areas of alleged misconduct: (1) that some mention was made of insurance during the jury's deliberations; (2) that one of the jurors said he did not like policemen; (3) that there was misconduct in skipping from question to question; (4) the foreman of the jury stated that she had been a juror on other cases and knew what hearsay was, and that certain of plaintiff's testimony was hearsay; (5) that one juror made the statement that plaintiff could not have been answering an emergency call because he did not get the call on the radio or telephone; (6) that one of the jurors mentioned that she had had an automobile accident and did not get any money out of the accident. The trial court's implied finding that material misconduct did not occur is supported by the record before us. It appears from the testimony of these jurors that there was vigorous and lengthy discussion of the various questions; that they argued among themselves as to how to answer them; that they decided the answers to all twelve issues unanimously after a lot of discussion about them; and that they made their own decisions. See Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770 (1932); St. Louis, B. & M. Railway Co. v. Cole, 14 S.W.2d 1024 (rehearing denied 16 S.W.2d 534, Tex.Com.App.1929).

▆ The one complaining about jury misconduct has the burden to prove the overt act of misconduct, that it was material misconduct, and from the record as a whole that injury probably resulted. Rule 327, Texas Rules of Civil Procedure;[1] Fountain v. Ferguson, 441 S.W.2d 506 (Tex.1969); Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615 (1951); White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200 (1947).

▆ The term "record as a whole" has been construed to include any and all parts of the record which may throw light on the question of injury. Cole v. Waite, 151 Tex. 175, 246 S.W.2d 849 (1952); Barrington v. Duncan, 140 Tex. 510, 169 S.W. 2d 462 (1943). The term includes matters disclosed by the evidence heard on the main trial as well as the motion for new trial. Motley v. Mielsch, 145 Tex. 557, 200 S.W.2d 622 (1947); Prudential Fire Insurance Co. v. United Gas Corp., 145 Tex. 257, 199 S.W.2d 767 (1946).

---

1. Rule 327 expressly fixes the burden upon the one complaining of misconduct to prove that " * * * it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted. * * * "

**598**

It should be remembered that the statement of facts on the main trial is not before us. Plaintiff has failed to prove that the misconduct of the jury, rather than the state of evidence, probably caused the jury to answer the special issues that he complains of adversely to plaintiff. Plaintiff did not satisfy his burden to prove material misconduct, which from the record as a whole probably resulted in harm. Rule 327, T.R.C.P., supra; Fountain v. Ferguson, supra.

All of plaintiff's points of error have been considered, and all are overruled. The judgment of the trial court is affirmed.