Lowell BISHOP, Appellant,

v.

ALLIED FINANCE COMPANY et al., Appellees.

No. 17828.

Court of Civil Appeals of Texas, Dallas.

May 11, 1972.

Rehearing Denied June 15, 1972.

Paul Brauchle, Vinson & Massingill, Dallas, for appellant.

John D. Crawford, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellees.

GUITTARD, Justice.

Plaintiff Lowell Bishop sued Allied Finance Company, Industrial Life Insurance Company and Allied Finance Company of Fairmount for double the amount of alleged usurious interest paid on a promissory note. Plaintiff claims that the note was usurious because he was required by defendant's alleged agent, L. B. Sikes, as a condition of the loan, to pay a credit life insurance premium of $322.14 to Industrial Life Insurance Company, and that this amount must be considered interest because he was not given an option to purchase this insurance from a company of his own choice, and that when this premium is considered as interest the rate of interest charged and paid was more than 10 per cent per annum. The cause against Industrial Life Insurance Company and Allied Finance Company of Fairmount was voluntarily dismissed and the trial proceeded with Allied Finance Company as the sole defendant.

The court submitted to the jury eight special issues, all of which were answered in favor of plaintiff except issue 3. After verdict defendant filed a motion to disregard all of the jury's findings except the answer to issue 3 and for judgment in its favor based on that finding, and in the alternative moved for judgment *non obstante veredicto* on various grounds. The trial court rendered judgment that plaintiff take nothing and recited only that defendant's motion for judgment was sustained.

Plaintiff perfected his appeal to this court but did not present a statement of facts for filing within the time required by Texas Rules of Civil Procedure, rule 386 or show good cause why he could not have filed the statement of facts within that time. Consequently, the appeal is before us on the transcript alone.

Plaintiff asserts in his first point that the trial court erred in rendering judgment for defendant *non obstante veredicto* because a directed verdict would not have been proper. He relies on the following provision of Tex.R.Civ.P. 301:

"* * * upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper."

Since we have no statement of facts, we must look to defendant's motion to determine whether it states grounds which, if supported by the record, would justify the trial court in directing a verdict. We find that it does. Among other grounds, the motion states that there was no evidence that plaintiff was not given an option to obtain credit life insurance from a company of his own choice, that there was no evidence that L. B. Sikes was an agent of defendant Allied Finance Company in originating the loan in question, and that there was no evidence connecting defendant Allied Finance Company with the loan, since plaintiff's exhibit shows that Sikes made the loan and transferred the note to Allied Finance Company of Fairmount, which held it and received the payments rather than defendant Allied Finance Company. If any of these grounds, or any other ground stated in the motion, was supported by the record, then defendant was entitled to a directed verdict, and under the quoted provision of Rule 301, was entitled after verdict to judgment *non obstante veredicto*.

On this appeal plaintiff as appellant has the burden to show error in the judgment, and consequently must show that the grounds of defendant's motion which the trial court sustained were not well taken. Plaintiff has not met this burden because he has not presented a record which enables us to determine from a review of the evidence whether or not the grounds alleged in defendant's motion were well taken. In the absence of a statement of facts we must presume in support of the judgment *non obstante veredicto* that a directed verdict would have been proper on one or more of the grounds stated. Chavers v. Lucenay, 329 S.W.2d 503 (Tex.Civ. App., Waco 1959, no writ); Cosey v. Supreme Camp of American Woodmen, 103 S.W.2d 1076 (Tex.Civ.App., Fort Worth 1937, writ dism'd).

Plaintiff asserts that all of the jury findings were supported by evidence and attempts to support this assertion by references to an affidavit in support of defendant's motion for summary judgment and plaintiff's affidavit in opposition to this motion. The court's ruling on this motion is not before us for review. We cannot consider the affidavits on this appeal, since we cannot determine without a statement of facts whether any of them were admitted in evidence at the trial. Unless so admitted they could not be considered as evidence supporting the jury's findings.[1]

Plaintiff argues that we must presume that a directed verdict would not have been proper because the record shows that defendant made such a motion and the trial court overruled it and submitted is-

1. Wyser v. Calhoun, 11 Tex. 323 (1854) (affidavit for attachment not admitted in evidence could not be considered on appeal); Barnwell v. Fox & Jacobs Construction Co., 469 S.W.2d 199 (Tex.Civ. App., Dallas 1971, no writ) (answer to interrogatories under Tex.R.Civ.P. 168 not admitted in evidence could not be considered in support of judgment). Even if admitted, plaintiff's own affidavit could not be considered evidence supporting the verdict. Roberts v. Mullen, 446 S.W.2d 86 (Tex.Civ.App., Dallas 1969, writ ref'd n. r. e.).

sues to the jury. We do not agree. It is a common and salutary practice for a trial judge to overrule a motion for directed verdict and submit issues to the jury, but to reserve ruling on the questions of law involved until after verdict when the same questions as well as others may be presented on a motion for judgment *non obstante veredicto*.[2] Apparently the learned trial judge followed that course here. In support of his judgment we presume in the absence of a statement of facts that his final ruling on the matter rather than his initial ruling was correct.[3]

Plaintiff argues further that defendant was not entitled to judgment *non obstante veredicto* unless it successfully attacked the verdict in its entirety by showing that each and every finding was without support in the evidence, and the motion attacks only part of the findings on that ground. We hold that defendant did not have such a burden because it was entitled to a directed verdict and, after verdict, to a judgment *non obstante veredicto* if plaintiff failed in his proof in any essential particular.[4]

Plaintiff also contends that the court erred in rendering judgment *non obstante veredicto* because the record fails to show that he had notice of the hearing of the motion as required by Tex.R.Civ.P. 301. This contention is overruled because the record affirmatively shows that any lack of notice was waived by plaintiff's participation at the hearing. The judgment recites, "Defendant having filed alternative motions for judgment, and oral and written arguments by all parties having been submitted on several occasions * * *." Since the only purpose of notice is to give plaintiff the opportunity to appear and present argument and the record affirmatively shows that he did so, no error is shown.[5] In this connection plaintiff insists that a letter from the trial judge stating that he had considered written arguments of both parties indicates that no hearing was held and no oral argument was made. On the contrary, the letter indicates only that the judge gave the parties the opportunity to present written arguments as well as to be heard orally.

For all the reasons above stated, plaintiff's first point is overruled.

In his second point plaintiff complains that defendant's motion to disregard certain issues is insufficient because the motion does not state specifically that each of such issues was without support in the evidence. We need not determine the sufficiency of the motion to disregard, since we find that the alternative motion for judgment *non obstante veredicto* states adequate grounds for the trial court's ruling.

Affirmed.

2. *See* Gulf, Colorado & Santa Fe Ry. v. Deen, 158 Tex. 466, 312 S.W.2d 933 (1958, mandamus granted on other grounds, Deen v. Hickman, 358 U.S. 57, 79 S.Ct. 1, 3 L.Ed.2d 28).

3. *See* Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549 (1946), holding that the reason for a presumption in favor of jury findings does not obtain when the trial court renders judgment notwithstanding the findings.

4. *See* McKelvy v. Barber, 381 S.W.2d 59 (Tex.Sup.1964), holding that on appeal from a judgment on a directed verdict, appellant has the burden to show that the peremptory instruction cannot be supported on any of the grounds stated in the motion.

5. Hill v. W. E. Brittain, Inc., 405 S.W.2d 803 (Tex.Civ.App., Fort Worth 1966, no writ) ; City of Port Lavaca v. Fisher, 355 S.W.2d 785 (Tex.Civ.App., San Antonio 1962, no writ).