Pattye Jo ZEMKE, Appellant,

v.

Mrs. Betty STEVENS, Appellee.

No. 4621.

Court of Civil Appeals of Texas, Eastland.

April 6, 1973.

Nelson Quinn, Quinn & Price, Abilene, for appellant.

David G. Stubbeman, Wagstaff, Harrell, Alvis, Erwin & Stubbeman, Abilene, for appellee.

McCLOUD, Chief Justice.

This is an appeal from an order of dismissal sustaining a special appearance under Rule 120a, Texas Rules of Civil Procedure. On July 13, 1972, Betty Stevens filed the instant suit against her former husband, Ray Fortune, seeking custody of their four children. Stevens and Fortune were divorced in 1967, and the father, Fortune, was awarded custody of the children. Stevens alleged in her petition that she was a resident of Arizona and the children were living with her in Arizona. On August 8, 1972, Ray Fortune died. Thereafter, Pattye Jo Zemke filed a pleading in the suit filed by Stevens against Fortune requesting that she be substituted as party defendant and alleging that she was a proper person to be awarded the care, custody, and control of the children. Fortune's will named Zemke as the guardian of the person and estate of the children. An exhibit attached to Zemke's amended answer showed that the will had been admitted to probate and she had been appointed guardian of the estate of the children. Betty Stevens, the mother, filed a special appearance under Rule 120a, T.R.C.P., alleging that the action filed against her by Zemke seeking custody of the children should be dismissed because the court had no jurisdiction over her person. The court after hearing evidence entered an order of dismissal. We affirm.

The record on appeal consists of the transcript only. The parties by written agreement attempted to file the statement of facts at a time more than fifteen days after the expiration of the sixty-day period permitted by Rule 386, T.R.C.P. The timely filing of the statement of facts in accordance with Rule 386 is mandatory and cannot be waived by agreement or stipulation of the parties. Consolidated Casualty Insurance Company v. Wade, 373 S.W.2d 841 (Tex.Civ.App.—Corpus Christi 1963, writ dism.); Smith v. Crouch, 323 S.W.2d 73 (Tex.Civ.App.—El Paso 1959, writ dism.); Meridian Resources, Inc. v. Colley Gin Company, 430 S.W.2d 372 (Tex.Civ. App.—Corpus Christi 1968, no writ hist.); Franke v. Franke, 373 S.W.2d 891 (Tex. Civ.App.—Corpus Christi 1963, no writ hist.); Reynolds, Texas Rules of Civil Procedure 385 and 386: Whether To Extend The Definitive Time For Filing The Appellate Record, Texas Tech L.Rev., Vol. 4, No. 1, page 1.

Zemke argues that Stevens submitted herself to the jurisdiction of the court when she filed her petition against Fortune seeking custody of the children. This is true. However, upon the death of Fortune, the suit abated. Thrash v. Cochran, 360 S.W.2d 587 (Tex.Civ.App.—San Antonio 1962, no writ hist.); Ex Parte Cahill, 286 S.W.2d 210 (Tex.Civ.App.—Beaumont 1955, no writ hist.). At that point, the litigation between Stevens and her former husband terminated. The cause of action did not survive. Therefore, Zemke's pleading seeking custody of the children was filed in a suit that had abated and terminated prior to the filing of her pleading.

The only pleading filed by Stevens after the death of Fortune was the "special appearance" attacking jurisdiction.

Since the record contains no statement of facts, we must assume that sufficient evidence was introduced to support the ruling of the trial court. Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683 (Tex.Sup.1951); Mulcahy v. Cohen, 377 S.W.2d 100 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.).

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.