D. H. OVERMYER, Appellant,

v.

ELIOT REALTY, INC., Appellee.

No. 8584.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 5, 1978.

Rehearing Denied Sept. 26, 1978.

Mark Alan Calhoun, Dallas, for appellant.

Otto B. Mullinax, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, for appellee.

ODEN, Justice.

On April 2, 1976, D. H. Obermyer filed a bill of review to set aside a money judgment entered against him and in favor of Eliot Realty, Inc. on March 15, 1974. Eliot Realty, Inc. answered, and, in the same proceedings, filed a bill of discovery under Rule 737 of the Texas Rules of Civil Proce-

dure.[1] The citation issued by the court on the filing of the bill of discovery was directed to D. H. Overmyer but was served on his attorney. Subsequent to the filing of the bill of discovery and service thereon, D. H. Overmyer moved for a non-suit, filed a special appearance under Rule 120a and moved to quash the citation. The trial court granted the motion for non-suit and, following a hearing, overruled the motions filed with respect to jurisdiction and directed D. H. Overmyer to appear before the court for examination on oral questions as in ordinary trials. The appeal has been perfected from the order which granted the bill of discovery and overruled the special appearance and motion to quash. Appellant and appellee will be respectively referred to as Overmyer and Eliot.

We must initially determine whether or not we have jurisdiction. Eliot urges that the order from which the appeal has been perfected is not final and appealable. We disagree. An order for discovery after judgment in an independent suit by a judgment creditor seeking to discover assets upon which to levy execution is final and appealable. *Dallas Joint Stock Land Bank v. Rawlins*, 129 S.W.2d 485 (Tex.Civ. App. Dallas 1939, no writ); *Thompson v. Republic Small Business Investment Company*, 464 S.W.2d 726 (Tex.Civ.App. Dallas 1971, no writ). This is an independent suit instituted after judgment and the order for discovery is final and appealable.

The order granting Overmyer a non-suit specifically reserved unto Eliot the right to proceed on its bill of discovery. Overmyer contends that the trial court should have dismissed the entire case. We disagree. Affirmative relief can be granted to a defendant such as Eliot in a hearing on a bill of review. *R. R. Stolley Corporation v. Quebedeaux*, 70 S.W.2d 266 (Tex.Civ.App. Austin 1934, writ dism'd). Once a claim for affirmative relief has been filed, the right of plaintiffs such as Overmyer to move for a non-suit under Rule 164 is limited to their cause of action only. *Sandefer v. Sandefer*, 466 S.W.2d 31 (Tex.Civ.App. Eastland 1971, no writ). We hold that Eliot's bill of discovery constituted a "claim for affirmative relief" as that term is used in Rule 164. Eliot had a right to discover what assets Overmyer owned in order to satisfy its judgment. Under the circumstances, Overmyer's taking a non-suit did not prejudice Eliot's right to proceed on its bill of discovery and the trial court correctly refused to dismiss the entire case.

Overmyer further contends that the trial court erred in overruling his special appearance and motion to quash citation. The record furnished us for review contained no statement of facts and under such circumstances we must assume that sufficient evidence was introduced to support the ruling of the trial court. *Lane v. Fair Stores*, 150 Tex. 566, 243 S.W.2d 683 (1951) and *Zemke v. Stevens*, 494 S.W.2d 227 (Tex. Civ.App. Eastland 1973, no writ).

We have considered all points of error urged by Overmyer and all are overruled. The judgment of the trial court is affirmed.

---

1. All statutory references are to the Texas Rules of Civil Procedure unless otherwise noted.