Angel CEVALLOS and wife Janie Cevallos, Appellants,

v.

Chilton MAVERICK, Sam Barron and wife Helen Barron, Aubrey Flowers and Pepos Dounson, Appellees.

No. 16019.

Court of Civil Appeals of Texas, San Antonio.

Sept. 6, 1978.

**354**

Victor A. Speert, San Antonio, for appellants.

Pepos S. Dounson, Aubrey Jay Flowers, Chilton Maverick, San Antonio, for appellees.,

## OPINION

KLINGEMAN, Justice.

This is a suit by Angel Cevallos and wife, Janie Cevallos, to set aside a foreclosure sale and for damages concerning real property located in San Antonio, Bexar County, Texas. Appellees filed a plea in abatement asserting appellants had no justiciable interest in the property. After a hearing was held, judgment was entered by the trial court granting the plea in abatement and dismissing the cause.

Appellants ask this court for a reversal and a remand on the grounds that the trial court abused its discretion in granting such plea in abatement and motion to dismiss and as grounds therefor assert four points of error: (1) the trial court erred and abused its discretion in sustaining the plea in abatement and order of dismissal because there was a question of property rights of the appellants in the property and the trial court should have considered and accepted testimony to establish such property rights; (2) the trial court erred in not permitting testimony relative to conspiracy and fraud; (3) the trial court erred, in its discretion, in permitting evidence offered on a former trial of the subject matter of the litigation; and (4) the trial court erred in disposing of the plea in abatement as a matter of law when in fact there were questions of both law and fact which rightfully should have been a question for a jury. This case is before us without: (1) a statement of facts; (2) findings of fact or conclusions of law or any request therefor; and (3) bill of exceptions.

The judgment before us recites: (a) all parties appeared in person and through their attorneys and announced ready; (b) the court heard and considered the pleadings, evidence and arguments of counsel; (c) appellants have no justiciable interest; and (d) appellees' pleas in abatement should be granted and this cause dismissed.[1]

We affirm the judgment of the trial court.

Appellants are in a difficult position before this court. They are appealing this case by points of error asserting (a) abuse of discretion by the trial court; (b) error of the court in admitting certain evidence and in refusing to admit certain evidence without any: (1) statement of facts, (2) bill of exceptions, or (3) findings of fact or conclusions of law or any request therefor. On appeal, appellants have the burden of showing that the judgment complained of was erroneous. Appellants have failed to discharge this burden. *Pruitt v. Morriss,* 517 S.W.2d 654 (Tex.Civ.App.—Tyler 1974, no writ); *Chavers v. Lucenay,* 329 S.W.2d 503 (Tex.Civ.App.—Waco 1959, no writ); *Bishop v. Allied Finance Company,* 483 S.W.2d 46 (Tex.Civ.App.—Dallas 1972, no writ).

Under the circumstances, we cannot presume that the trial court erred in its rulings and judgment. On the contrary, we

---

1. The transcript also contains: (a) notice of trustee's sale; (b) order of Bankruptcy Judge of the United States District Court, Western District of Texas, in Bankruptcy, overruling a motion to stay trustee's sale and finding that Angel Cevallos and Janie Cevallos have not and did not have any interest in the property involved at the time of filing for bankruptcy and protection of such court and that the court had no jurisdiction over the property or any proposed foreclosure on said property. This order is approved by the attorneys for appellants.

must presume that the record was sufficient to support such findings and judgment. *Houston Fire and Casualty Company v. Walker,* 152 Tex. 503, 260 S.W.2d 600 (1953); *Zemke v. Stevens,* 494 S.W.2d 227 (Tex.Civ.App.—Eastland 1973, no writ); *Podehl v. Lubianski,* 472 S.W.2d 595 (Tex. Civ.App.—San Antonio 1971, no writ); *Helfer v. Texas Employers' Insurance Association,* 467 S.W.2d 687 (Tex.Civ.App.—San Antonio 1971, no writ).

The judgment of the trial court is affirmed.