Marilyn A. MARONGE, Appellant,

v.

CITYFED MORTGAGE
COMPANY, Appellee.

No. C14–90–081–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 3, 1991.

Barry Evans, Houston, for appellant.

Jim Flegle, Laura B. Herring, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

A judgment *non obstante veredicto*, awarded appellee $30,300 in damages, plus attorneys fees, in a suit under the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA). We affirm.

Appellant claimed appellees misrepresented the effect of a fifteen year negative amortized residential mortgage loan. Appellee counter-sued for fraud, fraud in real estate transactions and forgery. Appellee also counter claimed under the DTPA for reasonable and necessary attorneys' fees and for deposition and court costs. The misrepresentations and forgeries, were those admitted to by the appellant and committed by her in application for a residential loan modification.

The jury found that the appellee had committed a DTPA violation. They also found that such a violation was not a producing cause of any of the appellant's damages. The jury further found that the appellant was not entitled to any attorneys' fees. The jury also found that the appellant committed five separate acts of fraud but that the appellee was not entitled to any actual damages proximately caused by fraud. The jury then awarded exemplary damages of $12,000 for the appellee and $20,000 in attorneys' fees. They further found that the appellant's action against the appellee was brought in *bad faith* and that her DTPA cause of action was barred by the statute of limitations. Finally, the jury found that the appellee had "unclean hands."

The appellee moved for Judgment Non Obstante Veredicto on three issues, and for Entry of Judgment on the Verdict on others. First, appellee moved that the evidence was uncontroverted that the appellee incurred actual damages of $18,299.67, as a result of the fraudulent acts of the appellant and requested that the court enter judgment in its favor in such amount. Second, appellee moved that the court disregard the jury's finding that the appellee had "unclean hands," as the defense of unclean hands applies only to issues of equity under the equitable jurisdiction of

the court. See *Green v. Meadows*, 517 S.W.2d 799, 811 (Tex.Civ.App.—Houston [1st Dist.] 1974), *rev'd on other grounds*, 524 S.W.2d 509 (Tex.1975). Third, the appellee moved that the court award the appellee $2,142.09 for cost of depositions and copying under TEX.BUS. & COMM.CODE ANN. § 27.01. The court granted the appellee's motion in its entirety. The trial court then entered judgment for the appellee for over $57,000 in damages and attorneys' fees.

In her first and second point of error, Appellant asserts that the trial court erred by awarding exemplary damages without a jury finding of actual damages, and in awarding actual damages when the jury expressly found that there were none. In her third point of error, appellant claims that the trial court improperly disregarded the jury finding of unclean hands against the appellee. In her fourth point of error, she claims that the district court incorrectly awarded attorneys' fees under the DTPA when the jury found the appellee had engaged in a DTPA violation. Appellant has failed to file the statement of facts which was necessary for a proper appellant review of these points of error. Appellant's fifth point of error is merely an explanation of her failure to file a statement of facts.

■ In the absence of a statement of facts, an appeals court will presume that there was sufficient evidence to support the judgment of the court. *Ward v. Lubojasky*, 777 S.W.2d 156, 157 (Tex.App.—Houston [14th Dist.] 1989, no writ). A statement of facts is necessary to challenge the sufficiency of the evidence before the jury or the judge. *Star–Tel v. Nacogdoches Telecommunications, Inc.*, 755 S.W.2d 146, 148 (Tex.App.—Houston [1st Dist.] 1988, no writ). Without a statement of facts, the reviewing court must presume that the trial court's final ruling on a motion for judgment *non obstante veredicto* is supported by the evidence. *Bishop v. Allied Finance Co.*, 483 S.W.2d 46, 48 (Tex.Civ.App.—Dallas 1972, no writ). Tex. R.App.P. 54(a) states that a transcript and a statement of facts must be filed in the appellant court no later than 120 days after

a judgment is signed if a timely motion for new trial has been filed. Only the transcript was timely filed by appellant. Under Tex.R.App.P. 53(k), appellant must also file the statement of facts on time. There was no motion for an extension of time. Although the facts are in dispute, appellant's own brief indicates that she filed an Affidavit of Inability to Pay Costs for the transcript and not the statement of facts. Appellant's brief fails to state a clear request for relief and states that she understands that "her only remedy is basically to mandamus the trial court." As to point of error five, she states that she "primarily brings this point of error by way of explanation for the absence of the statement of facts."

■ The burden of presenting a sufficient record is on the party asserting error. Tex.R.App.P. 50(b); *State Bar of Texas v. Grossenbacher*, 781 S.W.2d 736, 738 (Tex. App.—San Antonio 1989, no writ). Appellant has failed to carry this burden. This court overrules appellant's first, second, third and fifth points of error.

■ In her fourth point of error, appellant argues that the trial court erred, as a matter of law, in upholding the award of attorneys' fees under the DTPA. Appellant offers two sub points in support of this argument. First, the appellant claims that because the jury found that the appellee engaged in a "false, misleading or deceptive act or practice," the lawsuit cannot be groundless as a matter of law. No supporting law is cited for this proposition.

■ To obtain secure attorneys' fees under Tex.Bus. & Comm.Code Ann. § 17.50(c), a plaintiff's suit must be brought in bad faith or for purpose of harassment, *and the court must conclude* that the suit was groundless. *LaChance v. McKown*, 649 S.W.2d 658, 661 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.) (italics ours). Here, the jury found that the appellant brought her suit against appellee in bad faith. The court upheld the finding. Without a statement of facts, it is impossible for a reviewing court to establish whether there was sufficient evidence to support the court's finding of groundlessness. Therefore, the first sub-point is overruled.

■ In her second sub-point, appellant asserts that since her DTPA claims survived an earlier motion for an instructed verdict by the appellee, her suit must not be, as a matter of law, groundless. In *Bishop v. Allied Finance Co.*, 483 S.W.2d 46 (Tex.Civ.App.—Dallas 1972, no writ), a similar claim was addressed. As here, the appellant in *Bishop* failed to produce a statement of facts for appellate review. The *Bishop* court stated:

It is a common and salutary practice for a trial judge to overrule a motion for directed verdict and submit issues to the jury, but to reserve ruling on the questions of law involved until after verdict when the same questions as well as others may be presented on a motion for judgment *non obstante veredicto*. Apparently, the learned trial judge followed that course here. In support of his judgment we presume in the absence of a statement of facts that his final ruling on the matter rather than his initial ruling was correct.

483 S.W.2d at 49.

■ This court has previously rejected appellant's argument in *Zak v. Parks*, 729 S.W.2d 875, 878 (Tex.App.—Houston [14th Dist.] 1987, no writ). *Zak* held that the determination of whether a suit is legally groundless should be made by the trial judge on a case by case basis and is not the automatic result of other actions by the judge or jury. *Id.* at 878. The trial court has discretion to deny a defendant's motion for an instructed verdict, submit the plaintiff's special issues to the jury, and then later find the suit legally groundless. *Id.* In fact, unless the trial judge denies appellee's motion for instructed verdict, an appellee can not recover attorneys' fees because such fees can only be awarded if the DTPA claim goes to the jury. *See Howell v. Homecraft Land Development*, 749 S.W.2d 103, 111 (Tex.App.—Dallas 1987, writ denied).

■ Appellant erroneously cites the Austin Court of Appeals for the proposition that a DTPA cause which survives a mo-

tion for directed verdict cannot logically be found groundless. *Myer v. Splettstosser*, 759 S.W.2d 514 (Tex.App.—Austin 1988), *rev'd*, 779 S.W.2d 806 (Tex.1989). The Texas Supreme Court expressly disapproved of such a position. *Splettstosser v. Myer*, 779 S.W.2d 806, 808 (Tex.1989). The proper test is whether the totality of the evidence demonstrates an arguable basis in fact and law for the consumer's claim. *Id., citing Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634 (Tex.1989). Whether a suit is so groundless as to allow attorneys' fees under the DTPA is a question of law which may be ruled upon by the judge after verdict regardless of any earlier rulings. *See Zak*, 729 S.W.2d at 878. The second sub-point is overruled.

The denial of a motion for instructed verdict does not bar the trial court from subsequently finding that the appellant's suit was groundless. The trial court's award of attorneys' fees in favor of the appellee was proper. The fourth point of error is overruled.

■ Appellee brings a cross-point requesting this court to impose sanctions against appellant, or alternatively, against appellant's counsel, under TEX.R.APP.P. 84 for bringing a frivolous appeal. Where an appeal is taken for delay *and* without sufficient cause, Rule 84, TEX.R.APP.P., authorizes an award to a prevailing appellee of up to 10% of the damages. Where the record shows that an appellant has no reasonable expectation of reversal and pursues the appeal in bad faith, sanctions can be given. *McGuire v. Post Oak Lane Town Home Owners*, 794 S.W.2d 66, 68 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

■ Failure of an appellant to file a statement of facts may demonstrate that he is pursuing an appeal in bad faith and has no reasonable expectation of reversal. *Ward v. Lubojasky*, 777 S.W.2d 156, 157–58 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Rodriquez v. Rubin*, 731 S.W.2d 141, 143 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *see Blume v. Saucier*, 507 S.W.2d 827 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.). Appel-

lant contends that the appellee has a burden of filing a complete record when damages for a frivolous appeal are sought. However, this court has previously held that it is not prevented from assessing sanctions in the absence of a statement of facts. *Ward*, 777 S.W.2d at 157–58; *see A.T. Lowery Toyota, Inc. v. Peters*, 727 S.W.2d 307, 309 (Tex.App.—Houston [1st Dist.] 1987, no writ).

The granting of sanctions is within the discretion of the appellate court. TEX.R. APP.P. 84. Here, there are sufficient grounds for sanctions. However, this court refrains from granting them due to the damages already assessed. Appellee's cross-point is overruled.

The judgment of the trial court is affirmed.