11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Bobby
Dane

Appellant 

Vs.                   No. 11-01-00315-CV B
Appeal from Dallas County

John D.
Chavers and Dennis Chavers

Appellees

 

Bobby Dane appeals from the trial court=s order sustaining the
special appearance of appellees, John D. Chavers and Dennis Chavers.[1]  The trial court ruled that it had no
jurisdiction over the person of appellees. 
We affirm.

Appellant filed suit against appellees in Dallas
County urging several causes of action resulting from appellees= acts in converting a
commercial bus for appellant=s
personal use and travel.  Appellees
filed a special appearance pursuant to TEX.R.CIV.P. 120a, objecting to the
trial court=s
jurisdiction.  The trial court=s docket sheet reflects
that appellees= Rule
120a motion was heard by the court on June 18, 1999.  The docket sheet reflects the name and telephone number of the
court reporter who was apparently present for the hearing.  The docket sheet reflects that the court
determined that it did not have jurisdiction over the appellees.  No formal order granting appellees= motion was entered at that
time.  Thereafter, appellant filed a
motion requesting the court to reconsider its ruling.  On March 7, 2001, the trial court entered the following order
which provides in pertinent part:

On June 18, 1999 this Court held a hearing on the
special appearances filed by each of the defendants.  After considering the evidence and the argument of counsel, the
Court sustained the special appearances of the individual defendants....Before
the Court signed an order reflecting its ruling, the plaintiff filed a motion
to reconsider.

 








On February 16, 2001 this Court held a hearing on
the motion to reconsider.  After hearing
the argument of counsel, the Court finds that the motion is not meritorious and
should be denied.

 

IT IS THEREFORE ORDERED THAT the motion to
reconsider is DENIED.

 

IT IS FURTHER ORDERED THAT the special appearances
of Defendants John D. Chavers...and Dennis Chavers are sustained, the Court
having found that it lacks jurisdiction over the person of said defendants.

 

Appellant first argues that appellees waived their
objections to personal jurisdiction because appellees filed an unsworn special
appearance and an original answer on March 25, 1999.  Appellees did not correct the defective unsworn special
appearance until June 18, 1999. 
Therefore, appellant argues that the special appearance of appellees was
filed after the appellees filed their original answer.  The clerk=s
record shows that appellees=
special appearance was filed on March 25, 1999, at A10:51 a.m.@  Appellees=
general denial original answers were filed on March 25, 1999, at A10:58 a.m.@  Our Supreme Court in Dawson-Austin v. Austin, 968 S.W.2d 319, 322
(Tex.1998), rejected the argument asserted by appellant.  The court in Dawson stated:

Austin argues that Dawson-Austin made a general
appearance by filing a motion to quash service, a plea to the jurisdiction, and
a plea in abatement, all in the same instrument with the special appearance and
all following the special appearance in the instrument, but none expressly made
subject to the special appearance.  The
district court agreed with this argument; the court of appeals did not address
it.  The argument is contrary to Rule
120a, which states: Aa
motion to transfer venue and any other plea, pleading, or motion may be
contained in the same instrument or filed subsequent thereto without waiver of
such special appearance.@  The rule makes matters in the same
instrument and subsequent matters subject to the special appearance without
an express statement to that effect for each matter.  (Emphasis added)

 

Appellees did not waive their special appearance.

We also disagree with appellant=s contention that appellees= special appearance motion
referred only to appellant=s
contract cause of action.  Appellees= motion was made to the Aentire proceeding.@








Appellant urges that the trial court improperly
sustained appellees=
special appearance because appellees had sufficient contacts with the State of
Texas and because appellees failed to negate all bases of jurisdiction of Texas
courts.  The clerk=s record reflects that a
court reporter was present at the June 18, 1999, special appearance
hearing.  The court=s order on March 7, 2001,
states that, after Aconsidering
the evidence,@ the
court sustained the special appearance of appellees.  Our record on appeal contains no reporter=s record; therefore, we must presume that
sufficient evidence was introduced to support the ruling of the trial court.[2]  Lane v. Fair Stores, 243 S.W.2d 683
(Tex.1951); Poe v. San Antonio Express-News Corporation, 590 S.W.2d 537, 543
(Tex.Civ.App. - San Antonio 1979 , writ ref=d
n.r.e.); Cevallos v. Maverick, 572 S.W.2d 353 (Tex.Civ.App. - San Antonio 1978,
no writ); Overmyer v. Eliot Realty, Inc., 571 S.W.2d 381 (Tex.Civ.App. -
Texarkana 1978, no writ); and Zemke v. Stevens, 494 S.W.2d 227 (Tex.Civ.App. -
Eastland 1973, no writ).

The judgment of the trial court is affirmed.

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

March 28, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Wright, J., and

McCall,
J., and McCloud, S.J.[3]











[1]Brenda Chavers, who was an original defendant in this
case, is not a party to this appeal. 
This court severed and abated appellant=s
claim as to Brenda Chavers.  See Cause
No. 11-01-00127-CV.





[2]Appellant originally requested that the court reporter
prepare the record.  Later, appellant
directed the reporter not to prepare the record.  Appellant did not file an affidavit of inability to pay costs on
appeal.  TEX.R.APP.P. 37.3(c).





[3]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.