Opinion of the court.

## Hunt et al. v. Askew.

1. AFFIRMANCE ON CERTIFICATE—PRACTICE IN SUPREME COURT.— The act to regulate proceedings in the Supreme Court, of April 2, 1874, which provided that when a party is unable to file in the Supreme Court the transcript of a case, in the time limited by the statute, from any unavoidable cause, the court shall, upon satisfactory proof thereof, permit such transcript to be filed at a later period, conferred, in that, no new right, but was in accordance with the practice of the Supreme Court, founded on a former statute. (See Paschal's Dig., arts. 1589, 1590.)

2. PRACTICE IN SUPREME COURT.—Though the statute nowhere expressly authorizes or requires the appellee to file the transcript of a record at any time, it requires the clerk of the District Court to give to either party who may apply for it an attested copy of the record; and it has been the practice of the court to allow the appellee to file the transcript, when filed on or before the first day of the assignment without his right to do so being questioned; but if he fails to do so, no practice recognizes his right to file it afterwards, on showing good reason for not filing it sooner, as the appellant is authorised to do.

3. CITED AND APPROVED : Davenport *v.* Hervey, 30 Tex., 330; Hutchinson *v.* Owen, 20 Tex., 288; Reynolds *v.* Dechaumes, 22 Tex., 119.

4. AFFIRMANCE ON CERTIFICATE—PRACTICE IN SUPREME COURT.— When a complete transcript is filed by appellee, in place and as a substitute for a certificate, and it is found to contain those parts of a case which are required to be certified to in a certificate, it may be acted on by the Supreme Court as such; and for that purpose, may be filed without asking leave of the court.

5. SAME.—Either party has a right to apply for and obtain an attested copy of the record, and file it in the Supreme Court for its adjudication, within the time prescribed, but neither party has a right to rely on the other party to do it. Neither party is bound to file it after obtaining it, unless it should suit his own wishes to do so.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

*Jones & Henry,* for appellee.

ROBERTS, CHIEF JUSTICE.—The assignment for Smith county commenced the 30th of October, 1876, and continued for two

weeks. The appellants failed to file a transcript of the record in this case at the proper time to, wit, the 30th of October, 1876, and have not still filed it. The appellee presented a transcript on the 10th day of November, being within the two weeks, and moved that it may be filed and considered by the court; and having suggested delay, asked an affirmance of the judgment, with damages. Afterwards, on the 14th of the same month, appellee filed an additional motion, asking leave of the court to file the transcript of the record, and, as a reason for not having filed it on the first day of the assignment, submitted a sworn statement of the deputy district clerk of Smith county, that he had prepared the transcript, with the assignment of errors inserted, and delivered it to an attorney representing the appellants, before the first day of the said assignment. Counsel for appellee contend that they had no notice or reason to believe that appellants would not file the transcript of the record so taken out of the office of the clerk by appellants' counsel, and on that ground asked the court to act upon the transcript of the record as if properly filed in time, or, if that cannot be done, that it be acted on by the court as a certificate.

The fifth section of the act of 1850, " concerning proceedings in the Supreme Court," is amended by the eleventh section of "An act to regulate proceedings in the Supreme Court, approved 3d of April, 1874," in which several changes are made. The last act, as did the first, requires the appellant to file the transcript of the record on or before the first day of the assignment. One of the changes, by way of addition, is as follows: "*Provided, also,* That where a party is unable to file such transcript, in the time limited by this section, from any unavoidable cause, the court shall, upon satisfactory proof thereof, permit such transcript to be filed at a later period." (Gen. Laws, 1874, pp. 51, 52; Paschal's Dig., art. 1587.) This provision of the statute, though never before enacted in this connection, was substantially in accordance with the practice of this court, founded on the statute, which permitted appel-

lant to file the record after appellee had filed a certificate for the affirmance of the judgment, upon the appellants showing "good cause" why the transcript was not filed in due time, which law is still in force. (Paschal's Dig., arts. 1589, 1590.)

This amendment simply gave express authority to the court to permit the transcript to be filed, upon certain proof by the appellant, when no certificate had been filed by the appellee, which had often been done by the court before its passage.

The statute expressly authorizes appellee to file a certificate, and procure an affirmance of the judgment, in the event that appellant fails to file the transcript, (Paschal's Dig., art. 1589;) but nowhere does it expressly require or authorize the appellee to file the transcript of a record at any time. It is, however, provided by statute, that, when an appeal is taken, "the clerk of the District Court shall immediately make a full and perfect record of all proceedings in such case, and shall, on application of either party, give to such party an attested copy of such record, with a taxation of all costs, and shall indorse on such copy the day on which it was demanded, and the day on which it was delivered, and sign his name as clerk thereto." The same section proceeds to impose a penalty on the clerk, if, by his delay or negligence, the transcript is not filed in the Supreme Court in due time, &c. (Paschal's Dig., art. 1494.) This would seem to contemplate the obtaining the attested copy, and the filing of it in the Supreme Court by either party, who might demand and receive it from the clerk for that purpose.

Accordingly, it has been the practice in this court for the appellee to file the transcript, when filed on or before the first day of the assignment, without his right to do so being questioned. If he fails to file it in due time, it is not believed that there is any established practice recognizing his right to file it afterwards, upon showing a good reason why he did not file it in time, as the appellant is authorized by the statute to do.

The appellee's rights, then, upon this subject stand thus:

By implication from the statute, he has the privilege of filing the transcript of the record, when he files it on or before the first day of the assignment; and by express statute, he has the right to file a certificate if the appellant fails to file the transcript in the Supreme Court.

If the appellee should file the transcript in proper time, and the appellant should do likewise, it has been said that appellee's transcript being useless, it might be dismissed at his cost, and his right to file it would be subject to that contingency. (Davenport v. Hervey, 30 Tex., 330.)

In a case where the plaintiffs in error asked leave to withdraw the transcript, and assign errors, upon the ground that the defendant in error had prematurely taken it out and filed it in the Supreme Court, by which he was prevented from assigning errors, the court refused the motion, saying that they might have obtained another transcript of the record, with their assignments annexed thereto, and filed the same in this court. (Hutchinson v. Owen, 20 Tex., 288.) It might have been, as has been held, that he could file his assignments of error with the district clerk, and have them brought up by *certiorari* to perfect the record.

In another case it is said, after reviewing the statutes on this subject, "that either or both the parties have a right to apply for and obtain an attested copy of the record, and file it in the Supreme Court, for its adjudication, within the time prescribed. But neither party has a right to rely upon the other to do it. Neither party is bound to file it, after obtaining it, unless it should suit his own wishes to do so. (Reynolds v. Dechaumes, 22 Tex., 119.)

If the appellee should think the chance of obtaining damages for delay is worth more to him than the risk of losing the costs of his transcript, if appellant should also file a transcript, he has the privilege of filing the transcript on or before the first day of the assignment, otherwise he must rely upon filing his certificate for a mere affirmance of the judgment, if appellant fails to file the transcript. This is believed

to have been the construction of the statutes upon the subject, and the practice of the court under them.

The motion to file the transcript of the record, to be regarded as a record, upon which damages, on affirmance, can be awarded, is refused.

When a complete transcript is filed, in place of and as a substitute for a certificate, by appellee, as has often been done, and it is found to contain those parts of a case which are required to be certified to in a certificate, it may be acted on by this court as such, and, for that purpose, may be filed without asking the leave of court.

APPLICATION REFUSED.