**Doyle E. DAVIDSON, Appellant,**

v.

**C. Rodney BUTLER, Appellee.**

**No. 17574.**

Court of Civil Appeals of Texas,

Fort Worth.

Feb. 14, 1975.

Doyle E. Davidson, pro se; Gerald A. Bates, Fort Worth (no brief filed), for appellant.

John D. Crawford, Dallas (no brief, filed), for appellee.

## ON MOTION FOR REHEARING

BREWSTER, Justice.

The opinion handed down by this Court in this case on January 24, 1975, and the judgment rendered herein on that date, are hereby withdrawn and the following is hereby substituted as this Court's opinion on the appeal of this case.

This suit for damages for the breach of a covenant not to compete in a certain area and for an injunction to prevent a continued violation of such restriction was brought by C. Rodney Butler, plaintiff, against the defendant, Doyle E. Davidson. The two men had been partners in a veterinary practice. One paragraph of their partnership dissolution agreement provided that Davidson would not engage either directly or indirectly in the practice of veter-

inary medicine at any place within a 25-mile radius of their former business location for a period of 5 years after the date of the dissolution. Butler's petition alleged that Davidson had already violated this covenant to his damage and that Davidson would continue to violate it unless restrained. Following a jury trial, judgment was rendered awarding $7,500.00 in damages to Butler and restraining Davidson from further violating the covenant during the remainder of the 5 year period involved. This appeal is being made by Davidson from that decree. In connection with the appeal Davidson filed a supersedeas bond. Lawyers Surety Corporation is the surety on this supersedeas bond.

A transcript was timely filed in connection with the appeal but no statement of facts has ever been filed. Neither party filed a brief in connection with the appeal.

While this appeal was pending the appellant, Davidson, filed a motion to dismiss the appeal. Butler opposed that motion and moved that this Court, instead of dismissing the appeal, affirm the judgment against both appellant and the surety on his supersedeas bond pursuant to Rule 435, Texas Rules of Civil Procedure, and assess 10% of the amount of the original judgment against him as a penalty. Butler also moved that this Court affirm the judgment and that it, pursuant to Rule 438, T.R.C.P., award against the appellant and the surety on his supersedeas bond 10% of the amount in dispute as damages for delay.

*Appellant's Motion to Dismiss the Appeal*

We overrule appellant's motion to dismiss the appeal.

When the appellant, Davidson, filed the supersedeas bond in the case, the sureties on the bond also became liable to the appellee for the costs and for the amount of the judgment being appealed from, unless the appellant prosecuted his appeal with effect. See Lloyds Casualty Insurer v. McGee, 141 Tex. 384, 174 S.W.2d 314 (1943).

Rule 435, T.R.C.P., authorizes a Court of Civil Appeals, on affirming a judgment, to under judgment against the appellant and the sureties on his supersedeas bond for the performance of such judgment and for the payment of such costs as are taxed against them.

If we dismiss the appeal, as is prayed for by appellant, then appellee would be faced with the necessity of returning to the trial court and there suing the sureties in a new case to recover on the supersedeas bond.

An appellate court is authorized to dispose of appeals in cases where the appellant has failed to file a brief within the prescribed time by dismissing the appeal. Rule 415, T.R.C.P. But that is not the only way that such appeals can be disposed of. In such cases, where no fundamental error exists, and where the ends of justice will be better served by the appellate court affirming the trial court's judgment than by dismissing the appeal, an appellate court has the authority to dispose of the appeal by affirming the trial court's judgment. Rule 415, T.R.C.P.; Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.2d 811 (Tex.Com.App., 1929, op. ad.); Carson v. Turner, 153 S.W.2d 274 (Eastland, Tex.Civ.App., 1941, no writ hist.); and Turner v. State, 508 S.W.2d 861 (Fort Worth, Tex.Civ.App., 1974, no writ hist.).

We have inspected the record in this case and find that no fundamental error exists.

We conclude that the ends of justice will be better served in this case by this Court affirming the trial court's judgment against both the appellant and the surety on his supersedeas bond, as provided for in Rule 435, T.R.C.P., than by merely dismissing the appeal and thus sending the appellee back to a trial court to seek relief in a new case against the surety on the supersedeas bond.

## On Appellee's Motion for a 10% Penalty Under Rule 435

Rule 435, T.R.C.P., authorizes a Court of Civil Appeals, in its discretion, to include in the judgment or decree such damages, not exceeding 10% on the amount of the original judgment, as it may deem proper.

One part of appellee's motion seeking the recovery from appellant of a sum equal to 10% of the amount of the judgment as additional damages is based entirely on the provisions of that Rule 435.

In exercising the discretion vested in this Court by that Rule, this Court has concluded that additional damages should not be awarded to appellee under Rule 435.

## On Appellee's Motion for 10% Damages Authorized by Rule 438

A complete record of the proceedings in this case that were had in the trial court is not before us. This is because no statement of facts has been filed in the case. We are therefore unable to conclude from the contents of the transcript alone that the appeal in this case was taken for delay and that there was no sufficient cause for taking the appeal.

Appellee's motion to be awarded an additional 10% penalty as damages under Rules 435 and 438, T.R.C.P., is denied. See National Surety Corporation v. Stukes, 350 S.W.2d 900 (Austin, Tex.Civ.App., 1961, no writ hist.). Appellant's motion to dismiss the appeal is denied.

The judgment of the trial court is in all things affirmed against the appellant, Doyle E. Davidson, and against Lawyers Surety Corporation as the surety on appellant's supersedeas bond. The costs of the appeal are taxed against the appellant, Davidson, and against Lawyers Surety Corporation, the surety on his supersedeas bond.