Lawrence BELLATTI, Appellant,

v.

Mary Ann Abbott BELLATTI, Appellee.

No. 8020.

Court of Civil Appeals of Texas, Beaumont.

March 16, 1978.

Paul R. Lawrence, Houston, for appellant.

L. A. Greene, Jr., Houston, for appellee.

KEITH, Justice.

Our opinion handed down on February 16, 1978, is now withdrawn and this opinion substituted in lieu thereof.

Pursuant to instructions from the Supreme Court of Texas, we set aside our earlier order dismissing the appeal and now consider appellee's motion for imposition of penalty under *Tex.R.Civ.P. 438*, for the prosecution of a frivolous appeal.

Appellant sought a no-fault divorce, *Tex. Family Code Ann. § 3.01 (1975)*, and the trial court granted such a divorce in a consent decree which incorporated a settlement agreement partitioning the community estate of the parties. Appellant agreed and was ordered to pay contractual alimony at the rate of $575.00 per month beginning April 30, 1977, payable on the fifteenth and thirtieth days of each month.

The contract provided that such payments would cease on occurrence of any one of the following: "On the expiration of Forty-four (44) months or upon death of Wife or Remarriage of Wife."

The decree was entered on April 18, 1977, and was approved as to form and substance by the parties and their counsel. The lengthy property settlement agreement which was incorporated by reference into the decree was also signed by the parties and their counsel and attached to the decree.

On the twenty-ninth day thereafter, the appellant/husband filed a single-page "Amended Motion to Set Aside Decree" wherein he made conclusory allegations that the agreement attached to the decree was "unfair and unequitable [sic]." He alleged that he was overwrought and in a highly emotional state which prevented him from fully presenting his defense.

Our record does not disclose any formal action on the part of the court upon such motion but does show the filing of an appeal bond on May 18, 1977. No evidence on the motion has been brought forward for review.

The transcript was filed in the Court of Civil Appeals for the Fourteenth District on May 19, 1977, and transferred to this court by order of the Supreme Court of Texas. We granted, inadvertently and through error, appellant's motion to dismiss the appeal by an order entered on June 7, 1977.

Appellee's motion to assess the penalty for a frivolous appeal is now before us with appellee praying for the assessment of a penalty of $2,530.00—ten percent of the gross amount of the contractual alimony payments which have accrued and will accrue until December 30, 1980.

■ Although we invited appellant to file a brief in opposition to appellee's motion for assessment of the penalty, we have not been favored with a reply or a brief. We accept, therefore, the statements contained in the brief filed by the appellee/wife. We agree with the wife and now find that the appeal was frivolous and that she is entitled to recover a penalty under *Tex.R.Civ.P. 438*.

■ However, we do not agree that she is entitled to a penalty upon the installment payments to accrue in the future. She may die or remarry long before the end of 1980 and not be entitled to the monthly payments which remain unpaid upon the happening of such event. On the other hand, our record does not show with any degree of certainty whether the husband is presently in default in any of the payments due under the decree and the contract. As best we can determine, the wife's contention is that expressed in her brief filed in this court wherein counsel states:

"Husband, therefore, prevented the judgment from becoming final for a period of forty-nine (49) days beyond the thirty (30) days required for finality in the trial court."

Upon the basis of this factual statement, counsel seeks the imposition of a penalty in the sum of $2,530.00. Although it is apparent that the appellant/husband did in fact perfect a frivolous appeal and has "trifled" with the court in such manner as to subject himself to the imposition of the penalty

provided in the cited rule, the suggested amount of the penalty appears to be excessive.

We readily admit that there are no adequate precedents to govern our action in this cause; but, weighing the gravity of the transgression against the damage, if any, sustained by the appellee, we are of the opinion that a penalty of One Thousand Dollars ($1,000.00) would be an adequate and proper penalty to impose upon the appellant/husband.

Accordingly, under the provisions of *Tex. R.Civ.P. 438*, we hereby impose a penalty of One Thousand Dollars ($1,000.00) upon the appellant Lawrence Bellatti and direct that our Clerk enter judgment for such sum and issue the mandate of this court thereon when such judgment becomes final. All costs are adjudged against the said Lawrence Bellatti.

The appeal of the husband/appellant is now dismissed but subject to the penalty and judgment herein assessed, and all costs are adjudged against the appellant.

It is so ordered.