John William BAINBRIDGE, Appellant,

v.

Virginia Elouise BAINBRIDGE, Appellee.

No. 05–83–00510–CV.

Court of Appeals of Texas,
Dallas.

Oct. 26, 1983.

David T. Kulesz, Ball, Landrith & Kulesz, Arlington, for appellant.

Charles E. Carruth, Watkins & Watkins, Dallas, for appellee.

Before GUITTARD, C.J., and STEWART and SHUMPERT, JJ.

GUITTARD, Chief Justice.

Virginia Bainbridge, the appellee, moves to dismiss this appeal from a divorce decree because of appellant John Bainbridge's failure to file a statement of facts or brief. She also prays for an additional award of ten percent of the amount in controversy pursuant to TEX.R.CIV.P. 438. Appellant likewise moves to dismiss the appeal but opposes any award of damages. Although we decline to dismiss the appeal, we affirm the judgment of the trial court and assess damages of $2,500 against appellant.

### 1. Appellee's Motion to Dismiss

In dividing the community property the court awarded the family residence to appellee, subject to an existing mortgage and a $6,000 lien in favor of appellant. He filed a motion for new trial, which was overruled, and then perfected an appeal by filing a $500 cost bond. He also filed a notice of lis pendens. The transcript was filed in this court on April 18, 1983. No statement of facts was filed, and an affidavit by the court reporter states that none was requested. Similarly, no brief was filed for appellant. After the time for filing the brief

expired, appellee filed a motion to dismiss the appeal for want of prosecution and also a motion to assess damages under rule 438.

Our reading of the motion and response indicates that appellant never intended to file a brief; indeed, appellant filed his own motion to dismiss after appellee moved to dismiss for want of prosecution and prayed for damages. He states no ground upon which the judgment could have been challenged, but indicates dissatisfaction concerning the disposition of the residence. Although he filed no supersedeas bond, he asserts that appellee improperly sold the house after he had perfected the appeal. For her part, appellee charges that because of appellant's frivolous appeal and filing of the lis pendens notice, she was required to execute a costly performance bond in order to complete the sale.

█ Although appellee moves to dismiss this appeal, she also requests damages under rule 438. An appellate court may award damages only upon affirmance or modification of the judgment. TEX.R. CIV.P. 438, 435. When no brief has been filed, the court may decline to dismiss an appeal and give other direction to the cause as it deems proper. TEX.R.CIV.P. Rule 415. Where no fundamental error exists, and justice will be better served by affirmance, the appellate court may affirm the judgment rather than dismiss the appeal. *Davidson v. Butler,* 519 S.W.2d 511, 513 (Tex.Civ.App.—Fort Worth 1975, no writ). We conclude that in this case the judgment should be affirmed. Accordingly, we overrule the motions to dismiss the appeal.

### 2. Appellee's Motion for Damages under Rule 438

Appellee contends that this appeal was taken for delay in an attempt to forestall sale of the residence, which was awarded to her. Appellant responds that damages cannot be awarded because no statement of facts is before the court. Rule 438 provides:

Where the court shall find that an appeal or writ of error has been taken for delay and that there was no sufficient cause for taking such appeal, then the appellant, if he be the defendant in the court below, shall pay ten per cent on the amount in dispute as damages, together with the judgment and interest and costs of suit thereon accruing.

█ Before an appellate court may assess damages under rule 438, it must make two findings: that the appeal was taken for delay and that there was no sufficient cause. Generally, in making these findings the court must review the statement of facts "from the point of view of the advocate and determine whether he had reasonable grounds to believe that the case would be reversed." *Charter Oak Fire Ins. Co. v. Adams,* 488 S.W.2d 548, 551 (Tex.Civ.App.— Dallas 1972, writ ref'd n.r.e.). The courts have differed as to whether such damages can be assessed when no statement of facts is available. *Compare National Surety Corp. v. Stukes,* 350 S.W.2d 900 (Tex.Civ. App.—Austin 1961, no writ) (no damages for delay if neither party files a statement of facts), *with Belatti v. Belatti,* 564 S.W.2d 168 (Tex.Civ.App.—Beaumont 1978, no writ) (damages allowed under rule 438 when appellant filed neither statement of facts nor brief).

█ Our question, then, is whether an appellant can avoid damages for delay by failing to order a complete record and by filing no brief, or, at least, can shift the burden of filing a statement of facts to the appellee. Following the lead of *Belatti,* we hold that he cannot. In our view, such failure to prosecute the appeal, if unexplained, raises a logical inference that the appeal was taken for delay and that there was no sufficient cause. We draw that inference here because appellant offered no acceptable explanation in his response to appellee's motion to assess damages.

If appellant had desired to suspend execution of the decree, he could have filed a proper supersedeas bond under rule 364 and continued with the appeal. An appeal should not be taken, however, to delay execution of the judgment or to prolong the litigation in the hope of obtaining a more

favorable result through negotiation. Besides the damage to the appellee, such an appeal requires judicial time and effort that would be better spent on meritorious cases.

As damages under rule 438, appellee contends that she is entitled to ten percent of the value of the community property listed in the divorce decree, which, she asserts in her sworn motion, amounts to $92,179. Alternatively, she claims ten percent of $62,-700, the value of the house which the decree awards to her, subject to a lien for $6,000 in favor of appellant. As special damages resulting from the delay, she alleges $4,254, consisting of $1,254, the premium she paid for an indemnity bond in order to sell the house because of the appeal and the filing of the lis pendens notice, and she alleges additional costs "for preservation of the estate of the parties and additional attorneys' fees in the amount of $3,000."

■ We do not assess the damages at "ten percent on the amount in dispute," as provided by rule 438, because we find no "amount in dispute" to which that percentage can properly be applied. Nothing in this record indicates any claim by appellant that all of the community property should be awarded to him or even that he claims the whole value of the residence. In the absence of a specific amount in dispute, the *Belatti* court exercised its discretion to award damages in a smaller amount than that claimed by appellee. 564 S.W.2d at 170. Exercising similar discretion, we assess damages of $2,500, which, on the basis of the facts presented in appellee's sworn motion, is a minimum estimate of the actual damages appellee has sustained from the delay.

■ We regard this award as compensatory rather than punitive. In this connection we note that rule 435 of the Texas Rules of Civil Procedure authorizes assessment of damages, in the court's discretion, when a judgment is affirmed:

> The appellate court may, in its discretion, include in the judgment or decree such damages, not exceeding ten per cent on the amount of the original judgment, as it may deem proper.

This provision has been applied when statutory interest on the judgment is not adequate compensation for the delay. *Handelman v. Handelman,* 608 S.W.2d 298, 301 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.]; *Charter Oak Fire Ins. Co. v. Adams,* 488 S.W.2d 548, 551 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). Here the decree dividing the community property bears no interest that would compensate for the delay. Consequently, damages may be awarded under rule 435 as well as under rule 438.

■ It may be argued that neither rule 435 nor rule 438 applies here because rule 435 provides for damages "not exceeding ten percent on the amount of the original judgment" and rule 438 provides for payment of "ten percent on the amount in dispute as damages." We do not construe these rules as applicable only when a specific money recovery is sought or awarded but conclude that when a specific amount is sought or awarded, these percentages apply as a limitation. They also indicate an intent that the damages assessed should be modest in amount and compensatory in purpose. Our assessment of $2,500 falls within these guidelines.

■ The damages awarded here should not be taken as indicating that failure to prosecute an appeal is in itself ground for assessment of damages. A litigant who perfects an appeal from an unfavorable judgment, and, on further study, concludes that he does not have sufficient grounds, should ordinarily be able to withdraw his appeal promptly without penalty and thus minimize the expense for all concerned. However, that is not the situation shown by this record.

The motions to dismiss are overruled and the judgment is affirmed, with the addition of $2,500 in damages awarded to appellee.