Armando **RODRIGUEZ** and Rita Rodriguez, Appellants,

v.

Marcia **RUBIN** and Sheryl Anspaugh, Appellees.

No. 01–86–0631–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 21, 1987.

Ramon Cavazos, Houston, for appellants.

Randy Schaffer, Randy Schaffer, P.C., Houston, for appellees.

Before SAM BASS, DUGGAN and LEVY, JJ.

## OPINION

SAM BASS, Justice.

A jury found that Armando Rodriguez and Rita Rodriguez maliciously prosecuted Marcia Rubin and Sheryl Anspaugh by filing a theft charge. The jury found that the filing of a theft charge constituted libel; that the theft charge was substantially false; that the theft charge was filed with knowledge that it was false or with reckless disregard for whether it was false; and that the filing of theft charges was actuated by malice. Rubin and Anspaugh each recovered $250,000 in actual damages and $3,000 for attorney's fees for the defense of the theft charge. Rubin and Anspaugh were also awarded $50,000 each in punitive damages against Rita Rodriguez and $125,000 each against Armando Rodriguez.

■ Appellants' first of four points of error contends that the trial court erred by improperly denying Armando Rodriguez, a justice of the peace, immunity under the doctrine of judicial immunity.

A judge enjoys immunity only when acting in the course of a judicial proceeding over which he has jurisdiction. *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422 (1961). Appellants contend that Armando Rodriguez was acting in the course of a judicial proceeding over which he had jurisdiction when he assisted and aided Rita Rodriguez in the filing of theft charges against Rubin and Anspaugh.

Appellants filed a general denial. Armando Rodriguez did not plead the defense of judicial immunity, neither can appellees' original petition be construed as raising the issue.

Appellants have not filed a statement of facts. In the absence of a statement of facts, Armando Rodriguez cannot show this Court that evidence of judicial immunity was presented or proved to the trial court.

Appellants' first point of error is overruled.

■ Appellants' second point of error urges that the trial court erred by improperly instructing the jury on "probable cause." Appellants' third point of error asserts that the trial court improperly instructed the jury on "malice."

Tex.R.Civ.P. 272 requires that objections to the charge "be presented to the court in writing, or be dictated to the court reporter in the presence of the court and opposing counsel before the charge is read to the jury. All objections not so presented shall be considered as waived." There is nothing in the record to indicate that appellants objected to either of these instructions. Failure to file a timely objection to the submission of special issues, definitions, or instructions precludes appellate review. *Roth v. Law,* 579 S.W.2d 949 (Tex.Civ.App. —Corpus Christi 1979, writ ref'd n.r.e.); *see also* Keltner & Burke, *Protecting the Record for Appeal,* 17 St. Mary's L.J. 273, 336 (1986).

Appellants' second and third points of error are overruled.

■ The appellants' fourth point of error contends that the jury's award was so ex-

cessive as to shock the court's sense of justice.

The Texas Supreme Court held in *Pope v. Moore*, 711 S.W.2d 622 (Tex.1986), that a court of appeals should employ a factual sufficiency standard to determine whether damages are excessive. Because appellants failed to file a statement of facts, it is impossible for this Court to review the sufficiency of the evidence. It is well-settled law that in the absence of a statement of facts, it must be presumed on appeal that the evidence supports the judgment of the trial court. *Lane v. Fair Stores*, 150 Tex. 566, 243 S.W.2d 683 (1951). This rule has equal validity when applied to a request for remittitur.

Appellants' fourth point of error is overruled.

■ Appellees have requested that this Court impose a 10% penalty for appellants' frivolous appeal. Tex.R.App.P. 84; *see generally*, Hittner & Boudreaux, *Frivolous Appeals in Texas*, 50 Tex.B.J. 358 (1987).

Rubin and Anspaugh assert that when an appellant knows that he cannot obtain a reversal without bringing forward a statement of facts, and gives no reason for the failure to file a statement of facts, an appellate court must conclude that the appeal was taken for the purpose of delay and without sufficient cause, and assess damages accordingly. We agree.

The failure to file a statement of facts in this case raises a logical inference that the appeal was taken for delay and that there was no sufficient cause. *See Bainbridge v. Bainbridge*, 662 S.W.2d 655, 657 (Tex. App.—Dallas 1983, no writ). As Chief Justice Guittard of the Dallas Court of Appeals noted in the *Bainbridge* opinion:

> An appeal should not be taken, however, to delay execution of the judgment or to prolong the litigation in the hope of obtaining a more favorable result through negotiation. Besides the damage to the appellee, such an appeal requires judicial time and effort that would be better spent on meritorious cases.

*Id.* at 657–58.

We find that the appeal was taken for delay and without sufficient cause. We further find that a five percent (5%) penalty will adequately compensate appellees for damages caused by the delay and will sufficiently penalize appellants for bringing this appeal without sufficient cause.

The judgment is affirmed, with five percent (5%) of the judgment awarded to each appellee to be added as damages pursuant to Tex.R.App.P. 84.