Oliver DANIEL, et al., Appellant,

v.

Mohammad Reza ESMAILI, Appellee.

No. 05–88–00004–CV.

Court of Appeals of Texas, Dallas.

Nov. 22, 1988.

---

Robert Martin Berry, Dallas, for appellant.

Terry S. Stanford, Dallas, for appellee.

Before DEVANY, McCLUNG and LAGARDE, JJ.

LAGARDE, Justice.

In this wrongful foreclosure case, Oliver Daniel, *et al.* (Daniel),[1] appeal from a judgment in favor of Mahommad Reza Esmaili (Esmaili) in the amount of $38,041.37. In three points of error, Daniel asserts that: (1) the court misplaced the burden of proof in issue number four and that there is insufficient evidence to support the finding on that issue; (2) the court misplaced the burden of proof in issue number six and that the issue misleads the jury; and (3) the court misplaced the burden of proof in issue number ten and that the issue does not define notice. We disagree with appellant and affirm the trial court's judgment.

Inasmuch as Daniel has failed to file a statement of facts, our recitation of the facts is based on the transcript and the briefs. These sources establish that Esmaili had purchased from Daniel a number of unimproved lots in Collin County and that he was delinquent in his mortgage payments to Daniel. Despite Daniel's previous acceptance of late payments, Daniel

---

1. Oliver Daniel, *et al.,* includes Oliver H. Daniel, Individually and as Trustee for David Oliver Daniel Trust No. 1; Paul Christopher Daniel Trust No. 1; Matthew Gregory Daniel Trust No. 1; David O. Daniel, Individually; Paul C. Daniel, Individually; and Matthew G. Daniel, Individually.

decided to foreclose. Daniel began foreclosure procedures but did not comply with requirements for proper notification. Although Esmaili contractually waived notice of default and notice of successor trustee, he did not waive notice of acceleration or notice of sale. Daniel failed to send necessary notices, and even when he did send proper notices, he sent them to the wrong address. Daniel also failed to give Esmaili a reasonable opportunity to cure any arrearage.

Based on these facts, the judge accepted the jury's findings on the issues and rendered judgment for Esmaili. After the trial court's judgment was signed on November 12, 1987, Daniel failed to file a motion for new trial. Subsequently, he filed a cash deposit in lieu of cost bond and a transcript; however, as previously noted, he filed no statement of facts. With these record facts in mind, we now address Daniel's complaints.

■ With the exception of Daniel's sufficiency of the evidence point, we will dispose of Daniel's contentions in a single discussion. Generally, in order to preserve a complaint for appellate review, a party must present a timely objection and obtain an adverse ruling. *See State v. Dikes,* 625 S.W.2d 18, 20 (Tex.App.—San Antonio 1981, no writ); TEX.R.APP.P. 52(a). This general rule also applies to error in a court's charge to the jury. *See* TEX.R. CIV.P. 272, 274. Rule 274 states, in pertinent part: "A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections." TEX.R.CIV.P. 274. The record, composed of the statement of facts and the transcript, must evidence the necessary objection. *See Dodson v. McCoy,* 601 S.W.2d 128, 130 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); TEX.R.CIV.P. 272; *See generally* TEX.R.APP.P. 50(a) (record consists of statement of facts and transcript). In the absence of a statement of facts or some other showing that objections were

presented and acted on, the appellant waives error in the jury questions. *See Aetna Casualty & Surety Co. v. Marshall,* 699 S.W.2d 896, 905 (Tex.App.—Houston [1st Dist.] 1985), *aff'd,* 724 S.W.2d 770 (Tex.1987); *Long v. Tascosa Nat'l Bank,* 678 S.W.2d 699, 705 (Tex.App.—Amarillo 1984, no writ); *Olivares v. Porter Poultry & Egg Co.,* 523 S.W.2d 726, 730 (Tex.Civ. App.—San Antonio 1975, no writ).

■ *Long* states: "By failing to furnish a record showing an objection to the submission of the issue for the reason now raised on appeal and an adverse ruling thereon, Long has waived the error now presented." 678 S.W.2d at 705. Specifically, a point of error asserting that a jury question misplaced the burden of proof is waived if the record contains no objections. *See Hughes v. Belman,* 239 S.W.2d 717, 720 (Tex.Civ.App.—Austin 1951, writ ref'd n.r.e.). Since Daniel did not file a statement of facts and the record contains no evidence that appellant objected or submitted specially requested jury questions, we hold that Daniel has waived error concerning the jury questions.

■ We turn now to Daniel's sufficiency assertion contained in his first point of error. In order to preserve a factual sufficiency point of error in a jury trial, the appellant must raise the issue in a motion for new trial. *Tatum v. Liner,* 749 S.W.2d 251, 259 (Tex.App.—San Antonio 1988, no writ); TEX.R.CIV.P. 324(b)(2). Daniel did not file a motion for new trial; consequently, we overrule the factual sufficiency portion of his first point of error, and hold that Daniel has not properly preserved that point for review. For all the reasons heretofore stated, we overrule Daniel's three points of error and affirm the judgment of the trial court.

### Damages for Delay

■ Without citing relevant authority, Esmaili asks this Court to impose sanctions against Daniel. Rule 84 of the Texas Rules of Appellate Procedure authorizes this Court to award an amount not to exceed ten percent of the amount of damages awarded to appellee as damages against an

appellant when the Court determines that the appeal was taken for delay and without sufficient cause. TEX.R.APP.P. 84. In determining whether or not delay damages are appropriate, this Court must review the record from the advocate's point of view at the time the appeal was taken in order to determine if reasonable grounds existed to believe that the case should be reversed. *See Mid–Continent Casualty Co. v. Whatley,* 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ). Further, in viewing the case from the advocate's perspective, this Court should impose damages only if the likelihood of a favorable result was so improbable as to make this an appeal taken for delay and without sufficient cause. *Id.* With the *Mid–Continent* criteria in mind, we now review the record in this case for specific factors that indicate the appeal was taken for delay and without sufficient cause.

First, Daniel has not filed a statement of facts nor provided an explanation for his failure to do so. In order to prevail on appeal on points based on charging error, the appellant must generally bring forward a statement of facts or some other showing that he objected to the error at trial. *Long,* 678 S.W.2d at 705. Likewise, to prevail on factual insufficiency, the appellant must file a statement of facts. *See Mays v. Pierce,* 154 Tex. 487, 493, 281 S.W.2d 79, 82 (1955). When an appellant knows that he cannot obtain a reversal without bringing forward a statement of facts, and gives no reason for the failure to file a statement of facts, an appellate court has ample reason to conclude that the appeal was taken for delay and without sufficient cause. *See Rodriguez v. Rubin,* 731 S.W.2d 141, 143 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

Second, Daniel alleged factual insufficiency on appeal without having first filed a motion for new trial. Further, the record before us contains no explanation for his failure to file such a motion. As stated previously, in order to preserve a factual insufficiency point of error in a jury trial, the appellant must raise the issue in a motion for new trial. *Tatum,* 749 S.W.2d at 259; TEX.R.CIV.P. 324(b)(2). We conclude that the logical inference to be derived from appellant's failure to file a motion for new trial is that the appeal was taken for purposes of delay.

Third, in showing sufficient cause for appeal, other courts have examined whether the attorney prosecuted the appeal in good faith. For instance, one court of appeals has taken into account that the appellant's brief was well researched and raised arguable points of error. *GTE Directories Corp. v. McKinnon,* 734 S.W.2d 429, 432 (Tex.App.—Fort Worth 1987, no writ). Applying that factor to this case, we are of the opinion that it was not well researched and failed to sufficiently raise arguable points of error. *See generally Triland Investment Group v. Tiseo Paving Co.,* 748 S.W.2d 282, 285 (Tex.App.—Dallas 1988, no writ).

Fourth, this Court has held that an appellant's failure to appear for oral argument, coupled with his failure to file a statement of facts, shows sufficient grounds for damages. *See Radio Station WQCK v. T.M. Communications, Inc.,* 744 S.W.2d 676, 677 (Tex.App.—Dallas 1988, no writ). In the instant case, appellant requested oral argument but, without any explanation, failed to appear.

In addition to the four factors listed above, this Court has also considered a fifth factor, *i.e.,* whether an appellant has filed a supersedeas bond. *See Bainbridge v. Bainbridge,* 662 S.W.2d 655, 657–58 (Tex.App.—Dallas 1983, no writ). When an appellant files a supersedeas bond, it suspends execution of the judgment and provides security for payment of the judgment if the appeal fails. *See Bainbridge,* 662 S.W.2d at 657–58; TEX.R.APP.P. 47(a). *Bainbridge* involved a divorce where the court awarded the community residence to the wife. The husband appealed the distribution and filed a notice of *lis pendens* but did not file a supersedeas bond. The notice of *lis pendens* delayed the sale of the property and forced the wife to make an expensive indemnity bond in order to sell the house. This Court recognized that the appellant had found a way to delay the

judgment without going to the trouble and expense of posting security. Thus, the court in *Bainbridge* considered the fact that no supersedeas bond was filed, together with the fact that a *lis pendens* was filed, as evidence that the appeal was for purposes of delay. *Bainbridge,* 662 S.W. 2d at 667–58.

Since an appellee may execute the judgment when a supersedeas bond is not filed, it may be argued that failure to file such a bond shows that the appellant did not bring the appeal for delay. An appellant would have little reason to appeal for delay when the appellee could easily execute the judgment at anytime. However, under the specific facts in *Bainbridge,* this Court construed it to the contrary, *i.e.,* as evidence of delay. Daniel did not file a supersedeas bond; however, unlike the *Bainbridge* court, we have nothing before us in the record to suggest postjudgment or *lis pendens* problems. Consequently, while we recognize that no supersedeas bond was filed, we infer nothing from that fact.

■ In conclusion, we emphasize that we do not award delay damages merely for "poor lawyering." Ineptitude in the presentation of an appeal is not an adequate ground for assessment of a frivolous appeal penalty. *A.T. Lowry Toyota, Inc. v. Peters,* 727 S.W.2d 307, 309 (Tex.App.— Houston [1st Dist.] 1987, no writ) (Dunn, J., dissenting). A court should not punish the client simply for the inadequacies of his attorney. However, upon a finding that an appeal was brought for purposes of delay and without sufficient cause, the judiciary cannot allow appellees to be injured, without compensation, by unscrupulous appellants who appeal merely to delay the satisfaction of the judgment.

In summary, the following four factors lead us to the conclusion that this appeal was filed for delay and without sufficient cause: (1) the unexplained absence of a statement of facts; (2) the unexplained failure to file a motion for new trial when it is required for successfully asserting factual insufficiency on appeal; (3) a poorly written brief raising no arguable points of error; and (4) the appellant's unexplained failure to appear for oral argument. Based on all these factors, we conclude that the likelihood of a favorable result on appeal was so improbable as to make this an appeal taken for delay and without sufficient cause. In line with the reasoning of this Court that delay damages should be both modest in amount and compensatory in purpose, *Bainbridge,* 662 S.W.2d at 658, we award delay damages to Esmaili in the amount of one thousand dollars.

The judgment of the trial court is affirmed.