**Clarke Gable WARD and James Phillips, Appellants,**

v.

**George S. LUBOJASKY, Appellee.**

**No. A14–88–853–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 17, 1989.

Clarke Gable Ward, James L. Phillips, Houston, for appellants.

Jay S. Siskind, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment in a legal malpractice suit. After finding appellants negligent in their representation of appellee, the trial court rendered judgment for approximately $15,000.00. Appellants bring nineteen points of error, each of which challenges the sufficiency of the evidence, but there is no statement of facts on file. For the reasons given below, we af-, firm the judgment and impose sanctions against the appellants for taking a frivolous appeal.

■ Very little discussion is necessary to dispose of the merits. The record contains findings of fact sufficient to support the conclusions of law and the judgment of the court below, and without a statement of facts we presume that there was sufficient evidence to support the findings of fact and the judgment of the court. *Mays v. Pierce,* 154 Tex. 487, 281 S.W.2d 79 (1955). The burden of presenting a sufficient record is on the party asserting error. TEX.R.APP.P. 50(d). Appellants have not carried this burden. We overrule all of appellants' points of error.

■ The only meaningful issue before us arises from appellee's cross-point. It asks for the imposition of damages pursuant to TEX.R.APP.P. 84. That rule confers upon us the discretion to penalize a litigant for taking an appeal "for delay and without sufficient cause." Sufficient cause is obviously lacking, for we can hardly review evidence without a record. There is a split of authority over whether sanctions are available when neither party files a statement of facts. Some courts reason that it is impossible to determine frivolousness without reviewing the entire record.[1] Oth-

1. *See Mouton v. Cassello,* 693 S.W.2d 556 (Tex. App.—San Antonio 1985, no writ); *Biard Oil Co. v. St. Louis Southwestern Ry.,* 522 S.W.2d 588 (Tex.Civ.App.—Tyler 1975, no writ); *Davidson*

ers do not see themselves as disabled from assessing sanctions in the absence of a statement of facts.[2] We take the latter view. Far from precluding a determination of frivolousness, failure to present a statement of facts can constitute reliable evidence that a party is not serious about prosecuting an appeal. The contrary view appears to rest on outdated decisions which sprang from the procedural soil of another era. *See e.g., Hunt v. Askew,* 46 Tex. 247 (1876).

Appellants have filed a brief and several motions for extensions of procedural deadlines, including a motion for additional time to file the statement of facts. They have done nothing to dispel the appearance of intentional delay.[3] Accordingly, we assess $1,500.00 against the appellants.

*v. Butler,* 519 S.W.2d 511 (Tex.Civ.App.—Fort Worth 1975, no writ); *National Sur. Corp. v. Stukes,* 350 S.W.2d 900 (Tex.Civ.App.—Austin 1961, no writ); *Texas State Life Ins. Co. v. Aparicio,* 129 S.W.2d 794 (Tex.Civ.App.—San Antonio 1939, no writ); *Ramey v. Phillips,* 253 S.W. 323 (Tex.Civ.App.—Amarillo 1923, no writ).

**2.** *See Rodriguez v. Rubin,* 731 S.W.2d 141 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *A.T. Lowry Toyota, Inc. v. Peters,* 727 S.W.2d 307 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Bainbridge v. Bainbridge,* 662 S.W.2d 655 (Tex.App.—Dallas 1983, no writ); *Bellatti v. Bellatti,* 564 S.W.2d 168 (Tex.Civ.App.—Beaumont 1978, no writ); *Roye v. Silver Dollar Financing,* 432 S.W.2d 123 (Tex.Civ.App.—Fort Worth 1968, no writ).

**3.** We expressly decline to base our finding of delay on appellants' failure to appear at oral argument. Although one court has cited such absence as a factor in determining frivolousness, we disagree. *See Daniel v. Esmaili,* 761

S.W.2d 827 (Tex.App.—Dallas 1988, n.w.h.); *Radio Station WQCK v. T.M. Communications, Inc.,* 744 S.W.2d 676 (Tex.App.—Dallas 1988, n.w.h.). Implicit in that court's reasoning is the notion that attorney activity disproves delay. Yet if attorney engagement with a court were a measure of sincerity, it would be difficult to justify imposing sanctions here, because appellants have filed numerous motions for extensions of time.

Under the Dallas court's rule a lawyer would be subject to sanctions for failure to appear, while the chances of being penalized would be *reduced* if the lawyer consumes forty-five minutes of everyone's time in open court—arguing an appeal which is by definition unwinnable (as must be the case for the "without sufficient cause" prong to be met). In our view there is little to be gained from encouraging more (and, we suppose, longer) oral arguments, all on the basis of enforcing a rule to minimize delay.