SLOVER V STATE 






NO. 10-89-275-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          NORVILLE GLENN SLOVER,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From the County Court of
Somervell County, Texas
Trial Court # 2785-M

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury found appellant guilty of driving while intoxicated and assessed his punishment at
seventy-two hours in jail and a fine of $300. Appellant's sole complaint is that the court erred in
overruling his objection to the jury array. The judgment will be affirmed.
          Appellant argues that his trial was illegal because the jury was selected from a "stale"
prospective jury list that was prepared over a year before his trial. He claims that he objected to
the use of the stale list at trial. However, the record does not contain a statement of facts of the
trial proceedings. Without a complete record showing an objection and an adverse ruling by the
court, appellant waived any error. See Tex. R. App. P. 50(a), 52(a); Daniel v. Esmaili, 761
S.W.2d 827, 829 (Tex.App.--Dallas 1988, no writ).
          Additionally, the appellant has failed to preserve any error on this point. The transcript
shows appellant filed two documents. The first was titled "Objection to the Prospective Jury
Panel" and the second "Defendant's Challenge to the Jury Array". There is nothing in the
transcript indicating these motions were ruled upon and therefore the appellant has preserved
nothing for review. See Rougeau v. State, 738 S.W.2d 651, 665 (Tex.Cr.App. 1987).
          Appellant argues that section 62.004(c) of the Texas Government Code combined with
article V, section 29, of the Texas Constitution imposes a one year time limitation on prospective
jury lists. See Tex. Const. art. V, § 29; Tex. Gov't Code Ann. § 62.004(c) (Vernon 1988). 
Article V, section 29 of the Texas Constitution requires that there be at least four terms of county
court annually. Section 62.004(c) of the Government Code requires that the district or county
clerk and the sheriff shall draw as many jury lists as are required for the term of court and that the
names shall be placed on as many lists as the judge in whose presence the names are drawn deems
necessary to ensure an adequate number of jurors for the term. When these constitutional and
statutory provisions are read in conjunction, we find that there is no express or implied one year
time limitation placed on prospective jury lists. Appellant's point of error is overruled and the
judgment is affirmed.

                                                                                                                                                                                                               BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas, Justice
         Cummings and Justice Vance
Affirmed 
Opinion delivered and filed January 31, 1991
Do not publish



 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994). 
However, when a non-indigent appellant chooses to appear pro se on appeal, there is no need to
remand for a Rule 74(l)(2) hearing. See Tex. R. App. P. 74(l)(2) ("If the trial judge finds that the
appellant . . . is not indigent but has failed to make necessary arrangements for filing a brief, the
appellate court may consider the appeal without briefs, as justice may require."); see also Lott,
874 S.W.2d at 688 n.2 (citing Coleman v. State, 774 S.W.2d 736 (Tex. App.—Houston [14th
Dist.] 1989, no pet.)).
      The trial court at a hearing held on October 15, 1996, found that Perkins was not indigent and
that he could afford to hire his own counsel on appeal. Perkins has nevertheless chosen to proceed
pro se. Since the transcript was filed in this court on November 20, 1996, Perkins, despite
repeated attempts by this court to persuade him to communicate with us, has completely ignored
our requests that he file a statement of facts and a brief. Therefore, we will consider Perkins'
appeal without the benefit of either a statement of facts or an appellant's brief.
      We have reviewed the entire record before us, and having found no unassigned fundamental
error, we affirm the judgment of the trial court. See Lott, 874 S.W.2d at 688.
      The judgment is affirmed.

                                                                                     PER CURIAM

Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Affirmed
Opinion delivered and filed February 12, 1997
Do not publish