**Jesus Martinez GARZA and Parral
N.V., Appellants,**

v.

**TEXAS REAL ESTATE
COMMISSION, Appellee.**

No. 01–89–01151–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 4, 1991.

William T. Little, Gilpin, Paxson & Bersch, for appellants.

Jim Mattox, Atty. Gen., George Warner, Asst. Atty. Gen., Mary F. Keller, First Asst., Lou McCreary, Exec. Asst., James C. Todd, Chief, Gen. Litigation, for appellee.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

ON MOTION FOR REHEARING

O'CONNOR, Justice.

This is a suit to recover from the Real Estate Recovery Fund.[1]  We withdraw our opinion dated January 17, 1991, deny

---

1. The Real Estate Recovery Fund (RERF) is located in § 8 of the Real Estate Dealers Act, Tex.Rev.Civ.Stat.Ann. art. 6573a (Vernon Supp. 1991) (the Act).

the motion for rehearing, substitute this opinion, and affirm.

Plaintiffs, Jesus Martinez Garza and Parral N.V. (collectively Parral), sued their real estate broker for civil conspiracy, fraud, breach of confidential and fiduciary relationships, breach of duties of good faith and fair dealing, violation of the Texas Deceptive Trade Practices–Consumer Protection Act, violation of the Texas Real Estate License Act, negligence, and gross negligence (the broker suit). The court entered an instructed verdict for Parral on liability against the broker, submitted only the damages issues to the jury, and entered judgment on the verdict for Parral against the broker for $346,000 actual damages, $396,000 punitive damages, and other elements of damage.

After the entry of the judgment in the broker suit, Parral attempted to execute against the real estate broker, but the writ of execution was returned "nulla bona." Parral then filed an application in the broker suit for payment out of the RERF under § 8 of the Act (the RERF application). The Texas Real Estate Commission (TREC) responded to Parral's application by filing a general denial and pled, in the alternative, that Parral was limited to a recovery of $20,000, the transaction limitation imposed by § 8(n)(2) of the Act.[2]

To narrow the issue for the hearing for the RERF application, Parral and the TREC filed stipulations, drafted to comply with the requirements of § 8(n)(2), which we summarize here:

1. Parral has a final judgment against his real estate broker based on a violation of § 15(a)(3)[3] of the Act, as required by former § 8, part 3(c).[4]
2. Parral is not a spouse of the real estate broker.
3. Parral has a final judgment against his real estate broker in the amount of the attached judgment.
4. Parral perfected judgment liens against the real estate broker.
5. The broker lacks sufficient assets to satisfy the judgment.
6. The total amount of the judgment remains due and owing.
7. Parral submitted a timely application under § 8 of the Act.
8. Parral is entitled to payment of at least $20,000.

The only issue submitted to the court in the hearing in the RERF application was whether Parral's claim was the result of one or more "transactions." If Parral's claim against the broker was the result of one transaction, § 8(n)(2) limits Parral to a recovery of $20,000 from the RERF. If the claim was the result of more than one transaction, § 8(n)(3),[5] permits Parral to recover $50,000 from the RERF. After the hearing, the court signed an order approving payment of $20,000, without making a finding that Parral's claim was based on one or more than one transaction.

In point of error one, Parral argues that the trial court erred in its construction of the phrase "arising out of the same transaction" in § 8(n)(2). In point of error two, Parral contends the trial court erred in ordering payment out of the RERF to Parral for $20,000, instead of $50,000. Parral contends that there are two issues in this appeal, the interpretation of the phrase

2. At the time of the suit, Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8, part 8(c). Act of June 13, 1979, 65th Leg., R.S., ch. 585, sec. 6, 1979 Tex.Gen.Laws 1203, 1207, *amended by* Act of May 25, 1989, 71st Leg., R.S., ch. 169, sec. 7, 1989 Tex.Gen. Laws 561, 571, now found at Tex.Rev.Civ.Stat. Ann. art. 6573a, § 8(n)(2) (Vernon Supp.1991).

3. Act of June 13, 1979, 65th Leg., R.S., ch. 585, sec. 12, 1979 Tex.Gen.Laws 1203, 1210, *amended by* Act of May 25, 1989, 71st Leg., R.S., ch. 169, sec. 12, 1989 Tex.Gen.Laws 561, 563, now found at Tex.Rev.Civ.Stat.Ann. art. 6573a, § 15(a)(3) (Vernon Supp.1991).

4. Act of June 13, 1979, 65th Leg., R.S., ch. 585, sec. 5, 1979 Tex.Gen.Laws 1203, 1207, *amended by* Act of May 25, 1989, 71st Leg., R.S., ch. 169, sec. 7, 1989 Tex.Gen.Laws 561, 569, now found at Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8(f)(1) (Vernon Supp.1991).

5. At the time of the suit, Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8, part 8(d). Act of June, 1979, 65th Leg., R.S., ch. 585, sec. 6, 1979 Tex.Gen.Laws 1203, 1210, *amended by* Act of May 25, 1989, 71st Leg., R.S., ch. 169, sec. 7, 1989 Tex.Gen. Laws 561, 571, now found at Tex.Rev.Civ.Stat. Ann. art. 6573a, § 8(n)(3) (Vernon Supp.1991).

"arising out of the same transaction," and the application of that phrase to the facts in this case. On this record, we hold the resolution of both points of error involves the one issue: Did Parral's claim arise from one or more than one transaction?

### 1. The claim

To resolve the issue whether Parral's claim arose from one or more than one transaction, we must look at the facts of the broker suit. On this record, however, we cannot make that inquiry. Parral appealed to this Court without a statement of facts, either from the broker suit or from the hearing on the RERF application.

■ As the appellant, the burden is on Parral to prove the trial court's order on the application is erroneous. *Englander Co., Inc. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968). Without a statement of facts, an appellate court presumes the parties introduced enough evidence to support the order. *Lane v. Fair Stores, Inc.*, 150 Tex. 566, 243 S.W.2d 683, 685 (1951); *Rodriguez v. Rubin*, 731 S.W.2d 141, 143 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

The order entered on the RERF application and the briefs of the parties all state evidence was presented at the hearing. The judgment recites "After considering the verified application *and the evidence....*" In its brief, Parral states

> The determination [of the amount due] depended solely upon the trial court's interpretation and construction of § 8 [the Act] and *its application to the facts in this case....* A hearing on [Parral's] claim was conducted by the 295th Judicial District Court of Harris County, Texas with due notice to the [TREC] and all interested parties on October 9, 1989. After considering *all the evidence*, the stipulations of the parties and the argument of counsel, the trial court entered its order....

(Emphasis added.) In another part of the brief, Parral states, *"The facts* underlying the liability owed by [the real estate broker] to [Parral] and supporting this claim against the Fund *are complex."* (Emphasis added.) Then, without any reference to a record, Parral indulges in a description of the broker's misconduct, and argues that discrete events, including a complex scheme to cheat, were separate transactions that gave rise to the lawsuit.

On motion for rehearing, Parral argues that a statement of facts was not necessary to establish that its claim arose from more than one transaction. Parral contends that fact can be established by the pleadings and the judgment in the broker suit. To support that argument, Parral states that the judgment against the broker was a default judgment, not an instructed verdict, as we stated. Parral contends that even though the judgment recites that an instructed verdict was entered against the broker, it was actually a post-answer default. Because the judgment in the broker suit was by default, Parral argues: the allegations in the pleadings were admitted by the broker, the allegations are binding on TREC, the allegations are the equivalent of facts, and finally, the binding allegations are a substitute for a statement of facts from the broker suit.

■ We disagree with Parral's characterization of the legal effect of the judgment against TREC. The judgment entered in the broker suit states that when the case was called for trial and no defendants appeared, the case proceeded against all the defendants, that at the conclusion of the evidence the court entered an instructed verdict against all the defendants, and that the court submitted the issues of damages to the jury. We do not need to reach the issue whether the judgement in the broker suit against the broker was an instructed verdict or a default judgment.

Even if the judgment in the broker suit was by default and all the allegations in the pleadings were admitted by the broker, those allegations did not bind TREC, which was not a party to the suit when the judgment was entered against the broker. The TREC filed a special denial contesting Parral's allegations of multiple transactions, and Parral and TREC stipulated to all issues *except* whether there was one or more transaction.

To test whether the broker's admissions could preclude TREC from raising the issue in the RERF hearing, we ask if Parral could have prevented the litigation of the issue of single transaction by a plea of res judicata. The answer is clearly no. The doctrine of res judicata applies only when a court has squarely passed on the same issue between the same parties. One of the requirements of res judicata is that parties in the second suit must have been parties in the first suit or have been in privity with them. *Scheffer v. Chron,* 560 S.W.2d 419, 422 (Tex.App.—Beaumont 1977, writ ref'd n.r.e.). The TREC was not joined in this action until after the judgment was entered against the broker. Because there was no showing that the TREC was in privity with the broker, we hold that the TREC was not bound by the judgment entered against the broker.

We conclude that the trial court conducted a hearing on the application for RERF at which the parties introduced evidence, and absent a statement of facts from that hearing, that the evidence supports the trial court's award of $20,000, which is based on an implied finding that Parral's claim arose from one transaction.

**2. The interpretation of "transaction"**

The second issue Parral wishes us to address is whether the phrase "arising out of the same transaction" in § 8(n)(2) limits a claim that arose from more than one transaction to a recovery of $20,000. For purposes of this issue, Parral assumes its claim against the real estate broker arose from more than one transaction. Without the statement of facts, we must assume the converse, that Parral's claim arose only out of one transaction.

We overrule both points of error.